RICHARD H. CLARKE, as Committee of the Estate of DAVID ROSENHAUS, an Incompetent Person, Respondent, v. THE PUBLIC NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Appellant.

* CARDOZO, Ch. J., heard the argument but resigned before the decision.

(Argued March 28, 1932; decided June 1, 1932.)

*Sam L. Cohen* and *Felix A. Fishman* for appellant. There is no proof of any diversion of the proceeds of the checks in suit and the defendant was not placed under the duty to make any inquiry by the form of the checks in suit and the deposit thereof in the individual account of the committee. (*Brooklyn First Nat. Bank* v. *Wallis*, 150 N. Y. 455; *Casco Nat. Bank* v. *Clark*, 139 N. Y. 307; *Moss* v. *Livingston*, 4 N. Y. 208; *Jenkins* v. *Phillips*, 41 App. Div. 389; *Hills* v. *Bannister*, 8 Cow. 31; *Bischoff* v. *Yorkville Bank*, 218 N. Y. 106; *Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394; *Empire Trust Co.* v. *Cahan*, 274 U. S. 473; *Manufacturers Trust Co.* v. *U. S. Mortgage & Trust Co.*, 122 Misc. Rep. 726; 244 N. Y. 550; *Clifford* v. *U. S. Trust Co.*, 203 App. Div. 160; *Matter of Hutkoff*, 124 Misc. Rep. 703; *Gould* v. *Gould*, 126 Misc. Rep. 54; *Maryland Casualty Co.* v. *City Nat. Bank*, 29 Fed. Rep. [2d] 662.) Defendant had no notice, either actual or constructive, of the order requiring the committee to

deposit the funds of the estate in the Empire Trust Company. (*Clifford* v. *U. S. Trust Co.*, 203 App. Div. 160; Perry on Trusts, § 122-n.) The diversion of funds by the removed committee was in no way facilitated by the defendant. (*Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394; *Bischoff* v. *Yorkville Bank*, 218 N. Y. 106; *Empire Trust Co.* v. *Cahan*, 274 U. S. 473; *Wilds* v. *Lebanon Nat. Bank*, 219 App. Div. 597; 245 N. Y. 629; *Eyre* v. *Coal & Iron Nat. Bank*, 208 App. Div. 686; *Martindale* v. *De Kay*, 101 Misc. Rep. 728; *Ward* v. *City Trust Co.*, 192 N. Y. 61; *Wilson* v. *Met. E. Ry.*, 120 N. Y. 145; *Manufacturers Trust Co.* v. *U. S. Mortgage & Trust Co.*, 122 Misc. Rep. 726; 244 N. Y. 550.)

*Richard H. Clarke* and *Nicholas A. Donnelly* for respondent. The bank was placed upon its inquiry by the form of the checks. (*Forbell* v. *Denton*, 53 App. Div. 402; *Bischoff* v. *Yorkville Bank*, 218 N. Y. 106; *Hulburt* v. *Walker*, 258 N. Y. 8; *Susquehanna Line, Inc.*, v. *Auditore*, 223 App. Div. 585; *Weissman* v. *Banque De Bruxelles*, 254 N. Y. 488; *Epstein* v. *Chatham & Phenix Nat. Bank & Trust Co.*, 138 Misc. Rep. 765; *Wagner Trading Co.* v. *Battery Park Nat. Bank*, 228 N. Y. 37; *Squire* v. *Ordamann*, 194 N. Y. 394; *Powell* v. *Freeport Bank*, 200 App. Div. 432; *McCauley* v. *Georgia R. R. Bank*, 245 N. Y. 245; *Niagara Woolen Co.* v. *Pacific Bank*, 141 App. Div. 265; *Rochester & Charlotte Turnpike Road Co.* v. *Paviour*, 164 N. Y. 281; *Ward* v. *City Trust Co.*, 192 N. Y. 61; *Cohnfeld* v. *Tanenbaum*, 176 N. Y. 126.) The defendant had notice of the existence of the order appointing the committee which directed him to deposit the funds in the Empire Trust Company. (*Fidelity & Deposit Co.* v. *Queens County Trust Co.*, 226 N. Y. 225; *Powell* v. *Pangborn*, 161 App. Div. 453; *Exchange Bank* v. *Thrower*, 118 Ga. 433; *Standard Steam Specialty Co.* v. *Corn Exchange Bank*, 220 N. Y. 478; *United States Fidelity & Guaranty Co.* v. *Peoples Bank*, 127 Tenn. 720; *Bank of Hickory* v. *McPhearson*, 102 Miss. 852.)

LEHMAN, J. Louis Rosenhaus was appointed, in 1919, committee of the estate of his son David Rosenhaus who was adjudged an incompetent. In January, 1926, Louis Rosenhaus was removed as such committee by order of the Supreme Court, and this plaintiff appointed substituted committee in his stead. Louis Rosenhaus thereafter filed his accounts showing that as committee he had received from the United States government " compensation awards " in the sum of $7,845.16, and " insurance awards " in the sum of $4,887.50, making a total of $12,732.66. The order appointing the committee directed him to deposit in the Empire Trust Company all funds which may come into his possession. In 1923 Louis Rosenhaus opened an individual deposit account in the defendant bank in his own name. Between November, 1923, and November, 1925, the committee received twenty-six monthly checks made out to the order of " Louis Rosenhaus, Committee of David Rosenhaus," or, in a few instances, to " Louis Rosenhaus, Guardian of David Rosenhaus." They showed on their face that they were sent by the Veterans Bureau for war insurance. Between April 1, 1924, and December, 1925, the committee also received twenty-one similar monthly checks from the bureau for disability compensation. The bank accepted these checks from Rosenhaus for deposit in his individual account or in a few instances for deposit in the account of another individual. On the ground that the defendant bank thereby aided the committee in appropriating to his own use moneys received in a fiduciary capacity for the incompetent, the plaintiff, as substituted committee, has recovered judgment against the bank for the amount of all checks so received, aggregating the sum of $3,600.57, with interest.

We may assume that the checks on their face gave notice to the bank that they were received by Louis Rosenhaus in a fiduciary capacity for an incompetent veteran. Even so, deposit by the fiduciary in his indi-

vidual account would not itself constitute a conversion. " Trust funds do not lose their character as such by being deposited in a bank for the individual credit and account of the person who is a trustee." "A fiduciary may legally deposit the trust funds in a bank to his individual account and credit. Knowledge on the part of the bank of the nature of the funds received and credited does not affect the character of the act. The bank has the right to presume that the fiduciary will apply the funds to their proper purposes under the trust." (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106, 111.) Thus to establish the plaintiff's cause of action there must be proof that the original committee did not thereafter apply the funds, deposited in his individual account, " to their proper purposes under the trust " and that the defendant had notice or knowledge not only that the moneys were received for a trust purpose but also that they were diverted from that purpose. We find no such proof in this record.

It is true that upon the accounting of the original committee the committee was allowed credits of only $478.07 and was " surcharged " with the amount of $12,254.59, the difference between the credits allowed and the moneys received from the United States government from 1919 to 1926. Judgment for the amount of the surcharge against the committee was recovered, and $1,500 was collected on the surety company bond filed by the committee. Otherwise no substantial amount has been collected. We may, for the moment, disregard the fact that the defendant bank was not a party to the accounting proceeding or to any proceeding or action brought against the original committee, for even against the original committee the decrees and judgment establish only that the committee failed to show by satisfactory proof, fortified by proper vouchers, the amount that he did actually expend for the incompetent. Indeed, the referee in his report found that the committee's

delinquencies were due rather to ignorance than intent, and that he spent some money for the incompetent though no estimate of the amount was possible. Certainly upon this record it is impossible to find any basis for a finding that the original committee has converted to his own use the particular moneys received from the government which were deposited in the defendant bank. In effect the bank has been required to assume the burden which rests upon a trustee in an accounting proceeding of showing affirmatively that the moneys deposited by the committee in his individual account were not misappropriated and diverted from the proper purposes of the trust.

No such burden rests upon a bank in this jurisdiction. " The transactions of banking in a great financial center are not to be clogged, and their pace slackened, by over-burdensome restrictions." (*Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394, 406. Cf. *Empire Trust Co.* v. *Cahan*, 274 U. S. 473.) Concededly the committee, at least unless restricted by the terms of the order of his appointment, could without legal wrong indorse or cash checks received as fiduciary and apply the proceeds to the support of the incompetent and might even deposit such checks for convenience in his individual account. Concededly a bank dealing with a fiduciary is not bound to inquire whether the fiduciary is applying the fund to the purposes of the trust, unless the bank has some notice of threatened misappropriation, and, with that notice, aids the misappropriation. (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106; *Sagone* v. *Mackey*, 225 N. Y. 594.)

In those cases it does not appear that the trustee was forbidden, by the terms of the instrument from which he traced his powers, to deposit trust funds in his individual account. The deposit, though unseemly, was not wrongful. Here the order appointing the committee contained the direction that the committee should deposit money that came into his possession in the Empire Trust Company. That direction he disobeyed. The Appellate

Division has held that the defendant bank, before receiving for deposit the checks to the order of Louis Rosenhaus, should have inquired as to the committee's authority to make such deposit, and that its failure to discover the direction contained in the order of appointment constitutes negligence which makes the bank a participant in any wrong done by the committee.

In *Whiting* v. *Hudson Trust Co. (supra)* this court left open the question whether later statutes (Surr. Ct. Act, § 231) which expressly prohibit " every executor, administrator, guardian or testamentary trustee " from depositing in his own name the funds or property received from the estate of a deceased person had, as to such officers, changed the general rule that a deposit made by a trustee of trust moneys in his individual account does not constitute a conversion, and had, in effect, enlarged the liability of a bank which with notice or knowledge accepted a deposit in that form. In *Manufacturers Trust Co.* v. *United States Mortgage & Trust Co.* (244 N. Y. 550) we decided that it had no such effect. The statute imposed no new penalties for conduct which in *Bischoff* v. *Yorkville Bank (supra)* was held to be merely unseemly and improper. It did not transform the impropriety into embezzlement or conversion. Certainly no greater effect may be given to the order directing a committee to deposit trust funds in a particular depositary. If there was subsequent conversion, the defendant did not participate in it. The committee, if unfaithful, could have converted the fund if deposited in the Empire Trust Company as readily as he could when deposited in his individual account.

The judgment of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.