GEORGE D. NEWTON, as Committee of the Person and Estate of MICHAEL P. BUCKLEY, an Incompetent Person, Plaintiff, *v.* MERCHANTS AND FARMERS NATIONAL BANK OF DANSVILLE, NEW York, Defendant.*

Supreme Court, Livingston County, November 11, 1933.

---

* Affd., 242 App. Div. 673.   See, also, 231 id. 355.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave [Clyde W. O'Brien* of counsel], for the plaintiff.

*Sutherland & Sutherland,* for the defendant.

CUNNINGHAM, J. This action is brought to recover moneys of an incompetent veteran on deposit with defendant and converted to his own use by George W. Scott, who was formerly the committee of the incompetent, upon the ground that defendant aided and assisted said Scott in the conversion of the trust fund.

George W. Scott, a lawyer of Dansville, N. Y., was committee of the person and property of Michael P. Buckley, an incompetent veteran, from April 28, 1920, until October 28, 1924. In 1920 Scott was also appointed committee of the property of thirty-four other incompetents, all World war veterans.

In 1921 he had on deposit in the Livingston County Trust Company, located in Geneseo, about $12,000 to his credit as committee of Buckley.

On August 30, 1921, Scott opened an account in his own name in the defendant bank. He talked with the teller of the bank and said that he had been appointed committee for many incompetent veterans and that " he would deposit certain commissions that the Court had allowed, and that he was going to deposit these to his account, and at various times he would transmit to the veterans and their dependents certain moneys." He said " he would have about three thousand dollars a year commissions which he would deposit." He said " that he was going to transmit to veterans and their dependents certain sums at different times." He said " he was going to use the bank to transmit those funds."

On September 19, 1921, Scott deposited to his individual account with defendant a check on the Livingston County Trust Company drawn against the account of trust 60–18, Michael P. Buckley, incompetent, for the sum of $100 payable to George W. Scott, committee, and signed George W. Scott, committee. He indorsed this check " George W. Scott, Committee," and deposited it to his individual account in defendant bank. Three other checks against Buckley's account in the Livingston County Trust Company were drawn by Scott and deposited with the defendant bank, one dated October 27, 1921, for $100, one dated March 29, 1922, for $1,500, and one dated October 24, 1921, for $100, all made out in the same form as the first check, except that the one dated October 24, 1921, was made payable to George W. Scott, but this check was also indorsed for deposit " George W. Scott, Com."

Scott had the right to deposit trust funds in his individual account. (*Clarke* v. *Public Nat. Bank & Trust Co.*, 259 N. Y. 285.)

Scott converted to his own use all the moneys of Michael T. Buckley on deposit with defendant.

The defendant's officers believed that a portion of the funds deposited with it by Scott were commissions, although, as a matter of fact, Scott's commissions were never fixed and allowed by the court and his statement that he was depositing sums representing commissions was untrue.

Scott was treasurer of the village of Dansville, was a lawyer and occupied one of the offices maintained in Dansville by the law firm of Newton, O'Connor & Newton. He was appointed committee of the various veterans upon recommendation of the Attorney-General of the State of New York.

The theory of this action is that defendant's officers aided Scott in such conversion. The plaintiff bases this claim upon the fact that when there were on deposit in the defendant bank in Scott's individual account only moneys of incompetent veterans, there was withdrawn from such funds an amount sufficient to pay a fifty-dollar note held by defendant. Defendant's officers at that time believed that Scott had in his account sufficient moneys of his own to pay such note; that the funds on deposit consisted not only of the moneys of the incompetent, but also consisted in part of commissions allowed to Scott.

Inquiry from a man of the prominence and standing of Scott as to the ownership of the money deposited by him was a reasonable inquiry under the circumstances. Although the information received was untrue, still the defendant's officers were justified in believing and acting upon it. (*Ward* v. *City Trust Co.*, 192 N. Y. 61, 70.)

In that case it is stated at page 71 that inquiry is not reasonable when the information is derived from the man who apparently is acting beyond the scope of his authority. However, it is well to note that in the present case defendant's officers never became suspicious of Scott's acts and always believed that he was using his own money to pay his personal debts. Furthermore, in the *Ward* case it appeared that the defendant had representatives on the board of directors of the company to which the inquiry should have been directed and that they might easily have learned the true facts. In the case at bar it would have been necessary for the defendant to employ an attorney to search the records at the county clerk's office to learn whether the statements made by Scott were true or not. It would be difficult to safely conduct a banking business if the officers thereof were compelled to resort to such methods every time corporate or trust funds were deposited in the bank. A bank is not an insurer of trust funds deposited with it and is not a guaran-

tor of the integrity of the person who has the authority to draw therefrom.

The first three checks drawn against Buckley's account, deposited by Scott with the defendant bank, were each for $100, and the defendant's officers might well have thought that these were commissions allowed to him. Having made reasonable inquiry as to the ownership of the money and having believed that a portion of the money deposited belonged to Scott, individually, it must be held that the defendant acted in good faith in allowing Scott to pay a small personal debt from the funds deposited in the bank, and that the defendant did not have any notice or knowledge that Scott was diverting to his own use funds of the incompetent.

It would be contrary to the evidence to hold that defendant's officers knowingly aided or permitted Scott to use trust funds to pay his personal note. It would be unjust to hold that they were privy to the embezzlement by Scott of such funds.

Defendant did not at any time have notice that Scott was attempting to use trust funds to pay his personal debts.

The complaint is dismissed, with costs.