MICHAEL KLACHKO, in Behalf of Himself and All Other Persons Similarly Situated and in Behalf of NEW AMSTERDAM BREWING COMPANY, Plaintiff, *v.* LAWYERS TRUST COMPANY and Others, Defendants.

Supreme Court, Special Term, New York County, January 23, 1939.

*Nathan Kelmenson*, for the plaintiff.

*Daniel J. Mooney*, for the defendants.

COTILLO, J.. In this action the plaintiff, suing in a representative capacity, is seeking a judgment against the defendants, ordering an accounting, and also for a money judgment of $27,784.07, with interest from September 1, 1932, and seeking the payment of a judgment held personally by the plaintiff out of the fund resulting from the accounting.

This action arises out of the promotion of a brewery company known as the New Amsterdam Brewing Company. The brewery never was in operation and the promotion scheme which had as its object the raising of some five or six millions of dollars by the sale of capital stock evidently collapsed.

The board of governors of the company made arrangements with the officers, among whom was the plaintiff, for the sale of the stock, and the proceeds of the sale were to be distributed as follows: The officers were to receive one-fifth of the entire capital stock, which consisted of 1,250,000 shares, as a bonus; twenty-five per cent of the moneys realized from the sale of the stock was to cover any and all expenses incurred in connection with the sale, and the balance of seventy-five per cent of the money so received was to remain intact to be used by the corporation for corporate purposes pertaining to the ultimate objects of the corporation, namely, the building and operation of a brewery.

The company adopted and filed with the defendant trust company the following resolution:

" *Resolved,* That at least 75% of the proceeds from the sale of said stock will be directly applied to the construction, equipment and operation of a complete modern brewing and bottling plant, located in New York City and having a capacity of 250,000 barrels per annum, and for working capital. This account will be known as ' Account A.' That the balance of 25% of the proceeds from the sale of said stock may be used by the proper officers to cover the costs of organization, and other expenses of the Company. This account will be known as ' Account B.' "

In pursuance of this resolution, two accounts were opened with the defendant trust company on August 19, 1932. During the existence of the corporation, a total amount of $27,784.07 was deposited in " Account A." This account was entirely depleted by checks drawn by officers of the company.

The plaintiff is endeavoring to recover upon the theory that " Account A " was a special account and, therefore, the trust company assumed a duty to supervise the drawing of checks upon this account and make certain they were applied in accordance with the resolution. With this contention the court cannot agree. The conditions sought to be imposed by the resolution could only bind the directors and officers of the corporation and could impose no more onerous duties upon the bank than could be imposed if the account had been opened by an executor or any other trustee. The checks being signed by duly authorized officers of the company, the bank had a right to assume that the funds were being applied to their proper purpose. (*Clarke* v. *Public National Bank & Trust Co.,* 259 N. Y. 285; *Bischoff* v. *Yorkville Bank,* 218 id. 106.) As was held in *Whiting* v. *Hudson Trust Co.* (234 N. Y. 394): " The transactions of banking in a great financial center are not to be clogged, and their pace slackened, by overburdensome restrictions."

Upon all the proof before me I feel constrained to direct judgment in favor of the defendants. Submit findings of fact, conclusions of law and proposed judgment.