PER CURIAM.
Appellant, plaintiff in the trial court, filed a complaint against the appellee-bank, seeking to recover corporate funds deposited in the bank which had been misappropriated by its president. The facts were not in dispute and both parties moved for a summary judgment. A summary final judgment was rendered in favor of the bank and this appeal ensued. We affirm.
On opening the bank account, the corporation caused a resolution with very broad powers [1] to be served upon the bank, authorizing solely its president to sign the checks of the corporation. There was no contention that the bank was guilty of fraud, collusion, or any active negligence in the honoring of the checks drawn by the corporation’s president and, in the absence of such, a banking institution generally is not liable to a corporation for converted funds drawn from such depository upon the checks of the corporation, signed by a duly authorized officer pursuant to a corporate resolution on file with the bank. See: Gate City Bldg. & Loan Ass’n. v. National Bank of Commerce, 126 Mo. 82, 27 S.W. 633; McCullam v. Third National Bank, 209 Mo.App. 266, 237 S.W. 1051; Griffin v. National Bank of Commerce in St. Louis, S.Ct.Mo.1922, 246 S.W. 180; Klachko v. Lawyers Trust Co., 170 Misc. 134, 9 N.Y.S.2d 309.
Therefore, the final summary judgment here under review is hereby affirmed.
Affirmed.

 * * * * * *
“That said bank be and is hereby authorized and required to accept, honor and pay without further inquiry, all checks and other orders for the payment or withdrawal of money deposited with said bank in the name of this corporation, including cheeks drawn to the individual order of the officers signing same and including also all such instruments payable or indorsed to the order of this corporation, when such checks or other orders for money shall be signed or indorsed in the name of this corporation by its officers signing below.”
* * * * * * *