■ GLORIA BARAD, as Administratrix of the Estate of FRANCES V. ROTHENBERG, Deceased, Appellant, v. BANK OF COMMERCE, Respondent.— In an action to recover money paid out of a fiduciary account which was maintained in the defendant bank by a former administrator of the estate of plaintiff's intestate, plaintiff appeals from two orders of the Supreme Court, Kings County, dated September 27, 1967 and November 21, 1967, respectively, the first granting defendant's motion to dismiss the amended complaint for failure to state a cause of action (CPLR 3211, subd. [a], par. 7) and the second granting plaintiff's motion for reargument but adhering to the original decision. Appeal from order dated September 27, 1967 dismissed, without costs. That appeal is academic; the order was superseded by the second order. Appeal from so much of the order dated November 21, 1967 as granted reargument dismissed, since appellant is not aggrieved thereby; insofar as said order adhered to the original decision it is reversed, on the law, with $10 costs and disbursements, and defendant's motion is denied. Defendant's time to answer the amended complaint is extended until 20 days after entry of the order hereon. In our opinion, the allegations in the amended complaint are sufficient to state a cause of action entitling plaintiff to relief. Accepting the factual allegations as true, for present purposes, it appears that the defendant bank was charge-

able with knowledge of the former administrator's limited authority to collect and, inferentially, to withdraw estate funds deposited with it and of the requirement of joint control of such funds by his surety. Having such knowledge, the bank could not justifiably honor the former administrator's checks which were drawn in excess of his authority against said funds and lacked the surety's cosignature. There being no basis, under these particular circumstances, for presuming that the checks were properly and lawfully drawn, the bank acted at its peril in honoring them without further investigation, a precaution dictated by ordinary prudence (cf. *Bischoff* v. *Yorkville Bank*, 218 N. Y. 106). As a result, it may be held to answer in damages for the actual loss sustained by the decedent's estate through its own and the former administrator's misconduct, that is, for those estate funds which were misappropriated by the former administrator to his own personal benefit and not used for the benefit of the estate. Brennan, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur. Martuscello, J., not voting.