OPINION OF THE COURT
C. Raymond Radican, J.
The motion by respondent Guardian Bank, N. A., to reargue is granted and upon reargument the memorandum dated December 3, 1981 is vacated and the following shall constitute the determination of the court.
Heretofore and upon the court’s own motion Edward A. McCoyd, Esq., was appointed guardian ad litem for Alexandre Maurice Lanier to protect the financial interests of this infant in a certain account maintained by the guardian of his property (SCPA 1713, subd 4; 1722, subd 1, Radican, J., May 22, 1981). The guardian of the property has defaulted upon this proceeding, which seeks his removal and accounting for funds withdrawn from the infant’s savings account without prior order of the court. It now appears from the report of the guardian ad litem that the savings institution which had joint control of the infant’s funds has restored to the subject account the unauthorized withdrawals, with interest thereon to the date of that restitution. Notwithstanding the deposit made by the party in joint control, in absence of justification for the withdrawals it would appear that the guardian of the *492 property is not a fit person to fulfill this trust. Accordingly, the letters of guardianship heretofore issued to Tyrone Lanier are revoked, and the Public Administrator is designated successor guardian (SCPA 1712). Upon due qualification letters may issue to the successor guardian, whose appointment shall be subject to joint control with a bank designated by the court.
The further issue to be resolved is the allowance to be made for the guardian ad litem in these proceedings and against whom that fee should be charged. In matters such as these it is provided: “the court shall fix the compensation of the * * * guardian ad litem and may make an order charging it in whole or in part upon the guardian personally, the funds in his hands” (SCPA 1722, subd 3). As hereinbefore noted the guardian of the property has defaulted and there is no reason to conclude that a direction that he personally bear the costs incurred would be complied with. The Guardian Bank, N. A., which acted as the depository bank under an order of joint control (SCPA 1708, subd 1), resists the suggestion that it may be held responsible for the guardian ad litem’s compensation. More specifically, it is argued that SCPA 1722 (subd 3) does not recognize correspondent as a source for such compensation, but rather only the guardian of the property and the infant’s funds in his hands. Such construction would in the circumstances here presented permit the depository bank to violate, albeit unintentionally, the order of joint control with no greater fear than it would be obliged to restore the funds it permitted to be wrongfully withdrawn. Stated otherwise the infant must bear the expenses incurred by reason of the bank’s violation of the order of joint control. The court cannot agree with such a narrow construction of this statute. That is, SCPA 1722 (subd 3) should be read in harmony with CPLR 1204, which expressly recognizes the right to direct compensation in whole or in part from “any other party”. A careful reading of SCPA 1722 (subd 3) reveals that it first directs that the court establish the compensation and then, preceding its reference to the guardian of the property and the infant’s funds, uses the verb “may”. The word may, “[w]hen used in this act, in relation to an act to be performed by the court, means in the discretion of the court” (SCPA 103, subd 38). There is *493 no indication that the discretion provided for by SCPA 1722 (subd 3) must be exercised exclusively among the sources described. That is, the reference to the guardian and the infant’s property are permissive in nature and not intended to be exclusive. A narrower construction may be justified where the Legislature has omitted discretionary language and undertaken to state the court’s authority in a more limiting manner (see SCPA 405, subd 1).
Upon the court’s previous determination the compensation of the guardian ad litem was established at $400. It has now been brought to the court’s attention that the Guardian Bank, N. A., actually restored the infant’s funds prior to the issuance of a petition and citation for the removal of the guardian of the property. Under these circumstances it would appear equitable only to hold the Guardian Bank, N. A., responsible for the costs necessarily incurred prior to its restitution of the account. The court finds that the consequences of this division of the responsibility is that compensation of the guardian ad litem should be born $100 by the depository bank and $300 plus disbursements by the funds held for the benefit of the infant. The decree to be submitted may provide for the entry of judgment in favor of Alexandre Maurice Lanier and against Tyrone Lanier in the amount charged to the infant’s funds.
The within determination is without prejudice to the right of the depository bank to seek appropriate relief against Tyrone Lanier.