OPINION OF THE COURT
Bertram R. Gelfand, J.
On this application by the guardian ad litem heretofore appointed to represent a nine-year-old infant (see Matter of Leftridge, NYLJ, May 11, 1981, p 13, col 3), the relief sought is the revocation of the letters of guardianship of the person and property of the infant heretofore issued to the infant’s father, Thomas Leftridge, an order directing the respondent guardian to account, and that the respondent guardian and the respondent Chase Bank N. A. (“Chase”) be adjudicated to be jointly and severally liable to the infant for the proceeds of a Totten trust bank account owned by the infant and allegedly improperly converted by respondent guardian which conversion was facilitated by *690 the negligence of respondent Chase in paying out the account.
Upon the return of process, respondent Chase filed an answer denying liability and placing at issue the subject matter jurisdiction of the court. The respondent guardian defaulted and the issues as to Chase were severed. The issues relating to the respondent guardian were disposed of by a decision rendered December 9,1981 in which the court determined that the letters of guardianship of the property heretofore issued to respondent guardian be revoked and that he is liable to the infant for the sum constituting the entire proceeds of the Totten trust bank account, plus interest, from the date of his wrongful appropriation of the funds (Matter of Leftridge, NYLJ, Dec. 15, 1981, p 13, col 1). There remain for consideration the issues relating to the liability of Chase. These issues have been submitted on an agreed statement of facts and the legal arguments addressed to the facts.
The infant was born on August 22, 1972. Her mother died on November 23, 1976. The infant’s father was appointed guardian of the infant’s person and property pursuant to a decree entered on June 6, 1977. The infant was the named beneficiary of the proceeds of a Totten trust bank account at the Chase which had been opened by her deceased mother. On July 13,1977 the guardian closed the account and was issued a check by the Chase for the total proceeds of the account payable to “Thomas Leftridge and Dollar Savings Bank,” the latter being the depository designatéd in the letters of guardianship. On July 15, 1977, the guardian deposited the check representing the infant’s funds into his personal account at the Dollar Savings Bank and subsequently withdrew these funds from this account. The funds were apparently appropriated for his own use, his whereabouts now being unknown.
In its answer, Chase predicates its denial of liability on essentially two grounds. Chase’s primary contention is that it is not a proper party to this proceeding since the provisions of SCPA 711 relate solely to relief against a fiduciary and that since Chase is not a fiduciary with respect to any party to the proceeding the court is without jurisdiction to entertain a proceeding against it for a *691 money judgment within the limited confines of a SCPA 711 proceeding.
Respondent Chase’s analysis of the clear import of SCPA 711 is well taken. However,. SCPA 711 is not the controlling statute governing the court’s jurisdiction. Nothing in the petition, the citation, nor the appointment and grant of authority by this court to the guardian ad litem limits either the authority of the guardian ad litem or the scope of these proceedings to the provisions of SCPA 711.
The guardian ad litem for the infant was appointed pursuant to a decision of this court rendered on May 6, 1981, giving him a mandate “to institute such proceedings as he deems appropriate to fully protect the rights of the infant and assure that all of her property is collected and deposited for her benefit” (see Matter of Leftridge, NYLJ, May 11,1981, supra; SCPA 1713, subd 4; 1722, subd 1). In instituting the instant proceeding, both the citation, and the petition upon which it was issued, clearly indicate that in addition to the relief sought against the guardian with reference to the revocation of his letters of guardianship, petitioner was seeking additional monetary relief against both the guardian and respondent Chase. There is ample statutory authority for the guardian ad litem to pursue such relief before this court.
The subject matter jurisdiction of the court is established by the ramifications of SCPA 201 (subd 3) which grants the court complete jurisdiction to administer justice in all matters relating to “estates”. That an estate includes the affairs of the guardianship of an infant’s property created by the court is established by the statutory definition of “estate” set forth in the SCPA. SCPA 103 (subd 19) specifically includes in the definition of “[e]state” “All of the property of a * * * infant * * * as originally constituted, and as it from time to time exists during administration”. The statutory structure conferring upon the Surrogate’s Court the duty and responsibility to appoint and oversee the guardians of the property of infants (SCPA art 17), which authority includes the duty to appoint a guardian ad litem where necessary in pursuit of this function, intrinsically incorporates the authority to entertain such proceedings as are necessary to effectuate the broad statutory *692 scheme which gives the Surrogate’s Court the responsibility to create, preserve and administer the estates of infants. The court clearly has jurisdiction where the claim involves funds which were directed to be deposited into a guardianship account as the infant’s property pursuant to an order of this court, and the factual allegations contending that the court’s order was not followed on the part of the guardian by misappropriation of these funds are intertwined with the allegations that the misappropriation was made possible as a result of the depository holding the funds delivering them negligently and improperly (NY Const, art VI, § 12, subd d; SCPA 103, subd 19; 201, 202, 209; art 17 [1701,1708,1713, subd 4; 1719,1722]; Matter of Morris, 134 Misc 374, 383; Matter of Lanier, 112 Misc 2d 491; Matter of Thompson, NYLJ, July 29, 1976, p 8, col 5). It is accordingly concluded that this proceeding involving an infant’s estate, a former fiduciary for his actions as such fiduciary and a third party, to wit, respondent Chase, is a proceeding within the subject matter jurisdiction of this court. There is no issue raised as to the court’s jurisdiction over the parties.
Chase’s second contention is that having acted in good faith, it should not be held liable for the failure of the guardian of the infant’s property to have properly exercised his fiduciary duties. To embrace this argument would require concluding that a bank may in good faith pay a depositor’s property to anyone and should not be held liable if the person to whom it gives the depositor’s money is not sufficiently honest to deliver it to its rightful owner. Chase further argues that the issuance of its check representing the proceeds of the Totten trust, payable to the order of the guardian and Dollar Savings Bank was made in reliance upon the infant’s father’s status as guardian of the person and property of the infant and that this payment is not inconsistent with the letters of guardianship presented to it, because the letters contained no instructions respecting the manner of payment. In support of its argument, Chase cites section 359-1 of the General Business Law which relates to a bank receiving deposits by a fiduciary to his personal credit of checks drawn by him upon an account against which he is empowered to sign as a fiduciary. The *693 statute provides that the banks receiving such deposits may assume, if acting in good faith and without actual knowledge to the contrary, that the funds so deposited by the fiduciary are funds to which the fiduciary is personally entitled. Chase argues that the same principle should guide the court’s decision in the instant matter. The argument rests upon an inapposite analogy which disregards more directly applicable law.
The appropriately applicable standard of conduct governing respondent Chase in this matter is that it had a duty to conduct itself with ordinary prudent care in allowing the withdrawal of the property to which the infant was entitled (see, generally, Novak v Greater N. Y. Sav. Bank, 30 NY2d 136; Noah v Bowery Sav. Bank, 225 NY 284; Kelley v Buffalo Sav. Bank, 180 NY 171; Gearns v Bowery Sav. Bank, 135 NY 557; Barad v Bank of Commerce, 31 AD2d 809; Myerowich v Emigrant Ind. Sav. Bank, 184 App Div 668; Kalb v Chemical Bank N. Y. Trust Co., 62 Misc 2d 458, revd on other grounds 64 Misc 2d 824; see, also, 9 NY Jur 2d, Banks and Financial Institutions, §§ 36, 326, 335). This standard is not only repeatedly set forth in case law but has been embodied in the Uniform Commercial Code (see Uniform Commercial Code, § 4-103).
Accordingly, the underlying question is whether respondent Chase exercised ordinary care in turning over the proceeds of the account to respondent Thomas Leftridge in the form of a check payable to him personally and a depository. Obviously, when respondent Leftridge appeared at the bank to make a withdrawal from the account he was not a named depositor on the account in any form. Under this circumstance, ordinary prudent care dictated to respondent Chase that before it delivered the proceeds of the bank account to a person other than a named depositor or beneficiary, this person present some legal authority to justify that person receiving the property. In the instant case the only such authority was the letters of guardianship of the person and property issued by this court to respondent Thomas Leftridge. The letters of guardianship annexed to the agreed statement of facts, upon which the respondent Chase apparently relied in paying respondent Leftridge, specifically set forth the only authority which *694 the guardian has to collect the assets of the infant in the following explicit language: “hereby directing you to collect and receive the moneys and property of said Infant jointly with the Guardian Clerk of the Surrogate’s Court, and to deposit all such moneys in dollar savings bank — 2530 Grand Concourse, Bx, 10458”.
The aforesaid simple language explicitly indicates that the guardian may collect the assets of the infant only “jointly with the Guardian Clerk” of this court. To the extent that the respondent Chase disregarded this explicit circumscription on the authority that the court granted to the guardian to collect the property of his ward, it facilitated the misappropriation of the infant’s funds by the guardian individually. It is accordingly concluded that the respondent Chase, having been placed on notice that it was making payments of a fund to a fiduciary, failed to exercise ordinary care in not making that payment in accordance with the document upon which it relied in releasing the funds.
The only aspect of respondent Chase’s position on this subject that can be given credence is the argument that it cannot reasonably be expected to anticipate that a fiduciary is or may be violating his fiduciary responsibilities. However, the success of the petitioner does not rest upon the necessity to find that Chase could anticipate the wrongful conduct of the fiduciary. All that is necessary is to establish that respondent Chase’s failure to use ordinary prudence wrongfully placed the respondent Leftridge in a position to act improperly to the detriment of his ward (Duncan v Mutual Life Ins. Co. of N. Y., 99 Misc 280; 25 NY Jur, Guardian and Ward, § 94; Gearns v Bowery Sav. Bank, supra; Barad v Bank of Commerce, supra; Myerowich v Emigrant Ind. Sav. Bank, supra; see, also, Matter of Reppucci, 145 Misc 671, 677-678). Had the check been properly made payable to the guardian clerk and the guardian, then the guardian clerk’s indorsement would have been required to negotiate the check. In accordance with standard procedure this indorsement would have been for deposit only in the guardianship account, and the depository named by the court would have received these funds with a direction to allow withdrawals only upon the *695 order of this court. Chase is jointly and severally liable for the amount of the fund payable to the respondent Thomas Leftridge with interest from the date of such payment.
The guardian ad litem has not sought to charge respondent Chase with the fee to be fixed and allowed to him for necessary services. The court can discern no basis to disturb this course. It is generally the rule that a party is not entitled to recover attorney’s fees from an opposing party even though the necessity of engaging in litigation was caused by the wrongful act of the opposing party (Alyeska Pipeline Co. v Wilderness Soc., 421 US 240; Mighty Midgets v Centennial Ins. Co., 47 NY2d 12; City of Buffalo v Clement Co., 28 NY2d 241, 262-263; specifically with regard to the fee of the guardian ad litem, see SCPA 405; but cf. CPLR 1204; compare Matter of Beard, NYLJ, April 11, 1977, p 11, col 1, with Matter of Lanier, supra, and Matter of Cadena, NYLJ, March 22, 1982, p 16, col 5). A different conclusion might be warranted when a party has instituted a proceeding in which an infant must be joined but where the infant is to receive no funds from the litigation, or when the respondent depository is a creature of the court to the extent that the court directed that it be the depository. None of these circumstances are present in the instant case.