OPINION OF THE COURT
Henry J. Scudder, J.
Robert D. Tyler, an infant, sustained an injury when bitten by a dog while he and his family were residing in Kentucky in 1978. The infant’s family retained an attorney to pursue the personal cause of action and, prior to settlement, moved to New York State. The settlement of the Kentucky action produced a net award to the infant in the amount of $14,849.23. The infant’s father, Paul E. Tyler, was appointed guardian of the property by order of this court dated December 20, 1979, and letters issued to *751 the guardian on that date. The letters stated in applicable part that, “the Guardian be directed to collect, receive and hold all monies received of the infant jointly with Columbia Savings Bank, Bath, New York, subject to the provisions of SCPA § 1708 and the Guardian’s bond be dispensed with.”
Upon examination of the annual account by Katherine Mattoon, who was specially appointed by this court to examine all guardian accounts, it was reported that the guardian had failed to file accounts as required by SCPA 1719. The court appointed Samuel J. Knox, Jr., Esq. as guardian ad litem for the infant on March 5, 1982. Upon his discovery of the senior Tyler’s misappropriation of the settlement proceeds, the guardian ad litem commenced the instant proceeding seeking Tyler’s removal as guardian and judgment holding Tyler and Columbia Banking Federal Savings and Loan Association jointly and severally liable to the infant for the amount of the misappropriated funds.
Pursuant to court order, the respondent, Paul Tyler, appeared before this court on May 26, 1982 to testify as to the performance of his duties as his son’s guardian. Tyler testified that subsequent to his appointment as guardian he had received a check in the amount of $14,849.23 from the infant’s Kentucky attorney. The check represented the net settlement proceeds and was made payable to “Paul E. Tyler, Sr., Guardian of the Property of Robert Daniel Tyler.” The guardian indorsed the check in his capacity as guardian, cashed the check at a branch of Columbia Banking Federal Savings and Loan Association in Painted Post, New York, and deposited $11,000 of the proceeds in an account in his own name at the branch of Columbia Banking Federal Savings and Loan Association located in Bath, New York. Mr. Tyler regularly drew on the account containing the settlement proceeds to finance his family’s living expenses. On March 31, 1982, the balance in the account stood at $27.99.
The guardian ad litem, claiming that the bank’s negligence in negotiating the settlement check without determining the guardian’s capacity and the scope of his powers facilitated the guardian’s conversion of the proceeds, seeks *752 to have the bank held jointly and severally liable to the infant for that conversion. SCPA 1708 allows the court to dispense with a bond upon ordering the guardian to deposit the guardianship funds in a joint account with a bank or other approved financial institution. Columbia Banking Federal Savings and Loan Association is charged herein with the knowledge that the check presented to its Painted Post branch by Tyler for negotiation represented guardianship funds and is also charged with knowledge of the requirements of SCPA 1708.
The bank has a common-law duty to act with reasonable care in transacting its business. As to what constitutes a negligent payment, the only practicable general rule to which banks can be safely held is this rule of ordinary care and it is left to be applied in light of the distinctive circumstances that characterize each separate case, (Kelley v Buffalo Sav. Bank, 180 NY 171; Novak v Greater N. Y. Sav. Bank, 30 NY2d 136; Matter of Leftridge, 113 Misc 2d 689.)
In the case at bar, the teller presented with the check made payable to Mr. Tyler as guardian for his son should have, in the exercise of ordinary and reasonable care, inquired into Tyler’s capacity to negotiate the check as guardian for his son. SCPA 1708 requires that either the guardian be bonded or that he deposit the guardianship funds in a joint account with the bank. The teller should have requested to inspect Mr. Tyler’s letters of guardianship to determine which requirement had been imposed on him by the court. Clearly, in the absence of the guardian’s bonding, SCPA 1708 would require the proceeds to be deposited in a joint account in the name of the guardian and the depositary. Indeed, had the teller asked to inspect the letters of guardianship, he would have discovered that: (1) a guardian’s bond had been dispensed with; (2) the guardian had been directed to collect, receive and hold all moneys received of the infant jointly with the bank subject to the provisions of SCPA 1708; and (3) the account was to be opened at the Bath branch of Columbia Banking Federal Savings and Loan Association.
To establish his cause of action, the guardian ad litem must establish that Paul E. Tyler did not apply the funds *753 deposited in his individual account to the proper guardianship purposes and that the respondent Columbia had notice or knowledge, not only that the moneys were received for a guardianship purpose, but also that they were diverted from that purpose. (Clarke v Public Nat. Bank & Trust Co. of N. Y., 259 NY 285.) Proper guardianship purposes, in those instances where a bond is dispensed with, are only those purposes for which the court, in its discretion, authorizes expenditure by order. (SCPA 1708.) Since none of the expenditures made by Paul E. Tyler were pursuant to court order, they all fall without the scope of any purpose anticipated by the statute. Accordingly, the respondents cannot be heard to claim “credits” for amounts allegedly expended for the benefit of the infant ward by substituting their discretion for that which the court might have exercised.
The bank, upon presentment of the check made payable to the order of the respondent Tyler as guardian for his son, had notice and knowledge that the moneys had been received for a guardianship purpose. Reasonable inquiry would have resulted in Tyler’s display of his letters of guardianship and would have provided the bank with knowledge that withdrawals were subject to the order of the court. The petitioner has thus established the bank’s constructive notice of a threatened misappropriation of the guardianship funds by establishing the guardian’s withdrawal of the funds without court order and by establishing that reasonable inquiry by the teller would have disclosed that the funds deposited in the account were subject to the further order of the court. By failing to make this reasonable inquiry, they facilitated the guardian’s conversion of the funds.
The respondent Columbia Banking Federal Savings and Loan Association urges this court to find them free from liability pursuant to the rule of the New York Court of Appeals in Clarke v Public Nat. Bank & Trust Co. of N. Y. (supra). Clarke (supra) involved a committee who received funds for an incompetent person and deposited them, contrary to court order, in an account in his own name in a bank other than that designated by the court. The successor committee sought to have the depositary bank charged *754 with facilitating the original committee’s misappropriation of the funds and sought damages in the amount so misappropriated. The Court of Appeals, in reversing the Appellate Division, First Department, found that the successor committee had failed to prove that the funds had been diverted from the purpose for which they were intended and, accordingly, entered judgment for the respondent bank.
In the case at bar, the undisputed testimony of the respondent, Paul E. Tyler, has established that the guardianship funds were indeed converted to the use of the guardian and other family members and were expended without court order. Columbia Banking Federal Savings and Loan Association is therefore liable jointly and severally for the damages caused the infant ward by its failure to exercise reasonable ordinary care in its dealings with the respondent guardian.
The bank also relies upon section 3-304 (subd [4], par [e]) of the Uniform Commercial Code which provides that the knowledge that the person negotiating the instrument is a fiduciary does not in and of itself give the bank notice of any claim by either of an interest in the instrument. The bank was possessed of knowledge of such facts that would lead a fair and prudent person, using ordinary thoughtfulness and care, to make further inquiries to determine the restrictions, if any, upon the fiduciary.
The bank is charged with the knowledge of the limitations set forth in the letters of guardianship as reasonable inquiry would have disclosed those limitations. The bank had notice of the infant’s claim and, therefore, they fall without the scope of the protection afforded by section 3-304 of the Uniform Commercial Code.
The court grants judgment for the petitioner for money damages in the amount of $14,821.24 with interest from February 13, 1980, against the respondents, Paul E. Tyler and Columbia Banking Federal Savings and Loan Association. Further, the court removes Paul E. Tyler as guardian of the property of Robert Daniel Tyler and names in his place and stead Samuel J. Knox, Jr., Esq. directing collection, receipt, and holding of all guardianship funds in an account in the Bath, New York, branch of Security Trust *755 Company. Said guardian is to post a bond with this court in the amount of $15,000 and shall be empowered by said letters to pay the premium for said bond from the guardianship funds. Further, the guardian ad litem, upon affording notice and an opportunity to be heard to the respondent, Paul E. Tyler, may apply to the court for a fee for his services rendered in this proceeding. Upon approval by the court, said fee shall be paid to the guardian ad litem by the successor guardian from the guardianship funds. The respondent, Paul E. Tyler, will be ordered to reimburse to said guardianship account the amount of the fee as approved by the court with interest from the date of payment by the successor guardian to the guardian ad litem.