■ In the Matter of Samuel J. Knox, Jr., as Guardian ad Litem of Robert D. Tyler, an Infant. — Decree, insofar as appealed from, unanimously reversed, without costs, and petition dismissed as against respondent bank. Memorandum: Columbia Banking Federal Savings and Loan Association (Columbia) appeals from a judgment obtained by petitioner, the successor guardian of Robert Daniel Tyler, an infant. Paul E. Tyler, the infant's father and former guardian, settled a negligence action on Robert's behalf and received a.check payable to "Paul E. Tyler, Sr., guardian of property of Robert Daniel Tyler." He indorsed the check and deposited it in his personal account with Columbia rather than in a trust account. Tyler subsequently used the funds to purchase an automobile and various household items. The Surrogate determined that Columbia was jointly and severally liable for misappropriation of the funds because its employees were negligent in failing to examine Tyler's letters of guardianship, which dispensed with a bond providing that funds be deposited jointly with Columbia (SCPA 1708, subd 1). We find, to the contrary, that there is no basis for liability against Columbia. ¶ When dealing with a fiduciary, a bank "is not bound to inquire whether the fiduciary is applying the fund to the purposes of the trust, unless the bank has some notice of threatened misappropriation, and, with that notice, aids the misappropriation" (*Clarke v Public Nat. Bank & Trust Co.,* 259 NY 285, 290). In the absence of such notice, the bank has a right to presume that the fiduciary will apply the funds to a proper purpose (*Clarke v Public Nat. Bank & Trust Co., supra,* p 289; *Bischoff v*

*Yorkville Bank,* 218 NY 106, 111). As the Court of Appeals has recently noted, "there is no requirement that a check payable to a fiduciary be deposited to a fiduciary account, and the fact that the instrument was not so deposited may not, without more, be relied upon as establishing a wrongful payment on the part of the depositary bank (see Uniform Commercial Code, § 3-304, subd [2])" (*Bradford Trust Co. v Citibank,* 60 NY2d 868, 870). (Appeal from decree of Steuben County Surrogate's Court, Scudder, S. — remove guardian.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ. [119 Misc 2d 750.]