OPINION OF THE COURT
Eve Preminger, S.
This is an application by Eileen Madison, guardian of Stephen Allen Nix under SCPA article 17-A, for an order authoriz *895 ing the direct deposit of Social Security checks and United States Civil Service Annuity Fund checks payable to Mr. Nix into his account at the East River Savings Bank, such bank having been designated pursuant to the order of this court dated July 11, 1975. The question presented is whether direct deposit is permissible under the guardianship statutes.
The guardianship funds are held in a designated depositary institution in the name of the guardian and the guardianship clerk. This form of guardianship obviates the need for a bond. (SCPA 1708.) However, this structure results in unnecessary delays in the deposit of the Government checks that Mr. Nix receives. Although the guardian receives Mr. Nix’s checks directly from the issuers, she is required to mail those checks to the court, and wait for the court to return the checks by mail before she can deposit them.
The court retains continuing jurisdiction after the appointment of a guardian under article 17-A, and may take necessary or proper action for the welfare of a mentally retarded or developmentally disabled adult (SCPA 1758). In considering the direct deposit of regularly issued Government checks to a ward’s bank account, the only relevant qualification appears in SCPA 1708, which grants the court the discretion to excuse a guardian from filing a bond.* Where, as here, funds are deposited by a guardian jointly with a designated depositary institution, SCPA 1708 (a) permits moneys and property “as [the Court] directs” to be deposited in a bank in the name of the guardian, “subject to the order of the court,” as long as such deposit is fully insured by the Federal Deposit Insurance Corporation or the National Credit Union Share Insurance Fund.
Accordingly, the court may exercise its discretion to order the direct deposit of Mr. Nix’s Government checks as necessary to Mr. Nix’s welfare, as long as deposit is made to a fully insured account.
It is in the interest of Mr. Nix, a mentally retarded adult, for the court to aid this guardian in her long-standing diligence to provide for his physical and emotional well-being. In fact, the direct deposit of checks is a practical method of reducing the opportunity for misappropriation or conversion that might otherwise exist when checks are personally delivered to fiduciaries. (E.g., Matter of Knox, 101 AD2d 998, affd 64 NY2d *896 434; see also, 4 Cox-Arenson-Medina, NY Civ Prac [SCPA] H 1708.01.) No legitimate purpose is served by subjecting Mr. Nix’s checks to the possibility of threefold delays in postal service that is engendered by the repeated mailings. For over 20 years, this guardian has assiduously collected and received the moneys and property of her ward along with the guardianship clerk of the Surrogate’s Court. She has consistently obtained the requisite orders to permit her to withdraw funds to reimburse her for Mr. Nix’s maintenance, and his social and educational needs. The direct deposit of Mr. Nix’s Government checks will facilitate the availability of funds for Mr. Nix as well as the reimbursement of his expenses to the guardian. There is no loss of supervisory ability by the court since the guardian will continue to make proper application for reimbursement of funds expended on Mr. Nix’s behalf.
The court approves the direct deposit of all Government checks issued to Stephen Allen Nix into the account held by him or his guardian on his behalf at the East River Savings Bank and the guardian is hereby authorized to take all necessary steps to do so.

 SCPA 1761 provides that SCPA article 17 applies to article 17-A guardianships.