■ In the Matter of the Appointment of ROY M. D. RICHARDSON, as a Member of the Character Committees for the Second, Tenth and Eleventh Judicial Districts. Pursuant to the provisions of law (N. Y. Const., art. VI, § 4; Judiciary Law, § 90; CPLR 9401), Roy M. D. Richardson, Esq., a practicing lawyer residing in the County of Kings, is hereby appointed (in place of Robert W. Cauldwell, Esq., resigned) as a member of the respective Committees on Character and Fitness for the Second, Tenth and Eleventh Judicial Districts in the Second Judicial Department, to investigate the character and fitness of applicants in said judicial districts for admission to practice as attorneys and counselors at law in the courts of this State; such appointment to take effect as of March 14, 1966. Beldock, P. J., Ughetta, Christ, Brennan, Hill, Rabin, Hopkins and Benjamin, JJ., concur.

## (March 21, 1966)

■ ELSA ADELMAN, Respondent, v. SOLOMON ADELMAN, Appellant.— In an action for separation, defendant husband appeals from so much of an order of the Supreme Court, Queens County, entered October 15, 1965 as (1) directed him to pay plaintiff a counsel fee of $750; (2) provided, concerning the direction therein that defendant make weekly payments to plaintiff: (a) that the payments were to be in part for temporary alimony and (b) that the amount of the payments was to be more than $40 a week, i.e., $75 (appellant contends that the payments should be only for support of the infant son of the parties); and (3) directed him to pay the rental of the apartment presently occupied by plaintiff. Order modified by striking out its fourth decretal paragraph and by substituting therefor a provision that the motion, insofar as it was for a counsel fee, is referred to the trial court for determination. Order, as so modified and insofar as appealed from, affirmed, without costs. It appears that plaintiff's counsel has already received compensation in connection with the parties' discord and that neither plaintiff nor counsel will be prejudiced by referring the question of further fees to the trial court. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ ATLAS ARM CO., INC., Appellant, v. PAUL SMITH, Individually and Doing Business as SMITH AWNING AND TENT COMPANY, Respondent.— In an action to recover moneys for work, labor, services and materials, plaintiff appeals: (1) from an order of the Sppreme Court, Kings County, entered October 19, 1965, which denied plaintiff's motion for partial summary judgment (for $11,000 of the $20,000 first cause of action); and (2) from so much of an order of said court, entered October 29, 1965 on reconsideration, as adhered to the original determination. Order entered October 29, 1965, insofar as appealed from, reversed, with $10 costs and disbursements; motion for partial summary judgment granted to the extent of awarding plaintiff $10,677.50 on the first cause of action and directing that the action is severed as to the remainder of that cause of action and the other causes of action; and motion otherwise denied. Appeal from order entered October 19, 1965 dismissed, without costs. Said order was superseded by the subsequent order granting reconsideration. Defendant's original and amended answer admit the making of the contract but assert that the agreed price was $18,000, not $27,000 which is alleged by plaintiff, and