# United States Trust Company of New York, Appellant, v Edward F. McSweeney, III, et al., Respondents.

First Department, December 30, 1982

### APPEARANCES OF COUNSEL

*Jack Kaplan* of counsel (*W. R. Henrick* and *Rosalind J. Krakauer* with him on the brief; *Carter, Ledyard & Milburn,* attorneys), for appellant.

*Thomas R. Stritter* of counsel (*Morgan, Lewis & Bockius,* attorneys), for Christine L. P. McSweeney, respondent.

*Leonard R. Glass* for Edward F. McSweeney, III, respondent.

**OPINION OF THE COURT**

LYNCH, J.

In September, 1976 the defendants Edward and Christine McSweeney, husband and wife, opened a joint checking account with the plaintiff bank. Overdrafts commenced almost immediately which the plaintiff regularly honored. Eventually Edward gave two notes, totaling $181,000, to the plaintiff to cover not only some loans by the bank to him but also the overdrafts in the account up to April, 1978. The negative balance of the account was thus cleared to that point in time. From then until July, 1978, when activity in the account ceased, 195 checks totaling $99,063.74 were written. Ninety-five were written by Christine totaling $16,811.43. The balance, of a total of $82,252.31, were written by Edward. Crediting deposits during the period, these checks constituted a cumulative overdraft of $75,983.06.

The first two causes of action of the complaint herein are pleaded against Edward on the notes. Special Term granted summary judgment against Edward in the face amount of the notes plus interest but failed to award the plaintiff the attorneys' fees for which the notes made provision. The plaintiff appeals from this omission.

The third cause of action is pleaded against both defendants jointly and severally. It seeks recovery of the $75,983.06 it cost the plaintiff to honor accumulated overdrafts. The plaintiff has been awarded summary judgment against Edward on this cause of action. Edward has not appealed. The plaintiff was denied summary judgment against Christine and it appeals from this denial.

■ The notes require the borrower to pay any reasonable attorneys' fees incurred to enforce payment and we conclude that Special Term's failure to provide for those attorneys' fees was an oversight. Mr. McSweeney does not dispute this liability but he does argue that any fees awarded must be for "necessary court process" (see Banking Law, § 108, subd 4, par [c], cl [iii]). Whether the court process involved was necessary is subsumed in the deter-

mination of the reasonableness of the fee, an issue that must await a remand (see *Chemical Bank v Nattin Realty,* 61 AD2d 921).

■ Subdivision (1) of section 4-401 of the Uniform Commercial Code provides: "As against its customer, a bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft". Accordingly, the plaintiff was authorized to honor the McSweeneys' overdrafts and charge the amounts paid against their account. The New York annotation to this subdivision notes that it is in accord with the "common-law rule permitting a bank to recover the amount of an overdraft from the drawer". The common-law rule, more fully explained, is that the payment of an overdraft constitutes a loan by the bank to the drawer of the overdraft, a loan for which the drawer is liable (*Payne v Freer,* 91 NY 43). It follows, then, that Mrs. McSweeney must be held liable for the overdrafts which she herself drew.

Mrs. McSweeney would exculpate herself contending that her husband had complete control of the account and that she simply followed his directions. She also claims that many of the checks she wrote were of no benefit to her. These assertions, however, do nothing to change her status as a drawer, nor do they affect the liability to the bank that flows from that status. At best, they serve only to raise issues between the husband and wife that cannot be binding on the plaintiff.

While not disputing her overdrafts of $16,811.43, Mrs. McSweeney implies that a judgment should reflect a reduction of this amount by a proportionate share of the deposits made to the account. This implication has no merit. The plaintiff was entitled to allocate the deposits entirely to Edward's overdrafts and proceed against Christine for the entirety of her overdrafts. When there is no specification of the debt to which a payment is to apply, the creditor may allocate the payment as he sees fit (*General Stencils v Chiappa,* 18 NY2d 125, 129).

The joint account agreement contained on the signature card signed by the McSweeneys when the account was opened gives no guidance on the issue whether Christine

may be held liable for Edward's overdrafts. The issue apparently is one of first impression in this State. Special Term, relying upon a New Hampshire decision, *Cambridge Trust Co. v Carney* (115 NH 94), found issues of fact precluding summary judgment.

Primarily, the plaintiff urges that the court adopt its interpretation of hereinbefore quoted subdivision (1) of section 4-401 of the Uniform Commercial Code. This statute allows a bank to charge the account of its customer with "any item * * * properly payable from that account". The plaintiff argues that, inasmuch as the Uniform Commercial Code broadly defines "[c]ustomer" as "any person having an account with a bank" (Uniform Commercial Code, § 4-104, subd [1], par [e]), subdivision (1) of section 4-401 should be read to authorize the bank to charge any item properly payable from the account whether drawn by that customer or by his joint tenant. The plaintiff also argues that section 675 of the Banking Law, concerning the ownership and payment of joint accounts, demonstrates a concern for commercial practicability which should similarly motivate our construction of subdivision (1) of section 4-401 of the Uniform Commercial Code.

Legal commentators are divided on the issue whether one joint tenant may be held liable for the overdrafts of another joint tenant. Some take the plaintiff's position (see Clark, Law of Bank Deposits, Collections & Credit Cards [rev ed, 1981], par 2.8[4]; 1 Hawkland, A Transactional Guide to the Uniform Commercial Code [1964], pp 385-386). Some have adopted the position taken by Special Term that liability solely because one is a cosignatory must depend on factual circumstances (see 3 Anderson, Uniform Commercial Code [2d ed], § 4-401:4, at p 300; White & Summers, Handbook of the Law Under the Uniform Commercial Code [2d ed, 1980], pp 661-662).

We find that, in the absence of a controlling provision in the account agreement, the liability of one cosignatory for the overdrafts of the other depends, as Special Term stated, upon the resolution of such issues as "the knowledge of the co-signatory of the overdrafts, the degree of participation of the co-signatory in the day-to-day operations of the account, and the benefit allegedly derived by

the co-signatory from the overdrafts". (See *Cambridge Trust Co. v Carney, supra; Nielson v Suburban Trust Sav. Bank,* 37 Ill App 2d 224; *National Bank of Slatington v Derhammer* [No. 1], 16 Pa D & C 2d 286; *Faulkner v Bank of Italy,* 69 Cal App 370). The rationale for this holding is found in the law of agency and joint tenancy: "The mere fact of ownership of undivided interests in the same property by two or more persons does not create an agency relationship between them, and ordinarily one cotenant cannot bind the other cotenants by contracts with third persons, unless he is duly authorized, or unless they ratify or acquiesce in his act" (24 NY Jur 2d, Cotenancy & Partition, § 83). Cases holding to the contrary (*Popp v Exchange Bank,* 189 Cal 296; *Bremen Bank & Trust Co. v Bogdan,* 498 SW2d 306 [Mo]) stated their result solely as a conclusory assertion, probably because in each case the conclusion was reached after a trial.

This issue presents a question of law the answer to which depends upon the resolution of issues of fact. In such cases, resolution should not be summary but should await a full trial of the issues (*Meadow Brook Nat. Bank v Ferkin,* 303 NY 853).

Order, Supreme Court, New York County (WHITMAN, J.), entered March 3, 1982, granting plaintiff's motion for summary judgment against defendant Edward F. McSweeney, III, on all three causes of action and denying the motion against defendant Christine L. P. McSweeney on the third cause of action, modified, on the law, to the extent of granting to plaintiff its reasonable attorneys' fees on the first and second causes of action and remanding to Special Term for an assessment of said fees, to grant partial summary judgment to plaintiff against defendant Christine L. P. McSweeney in the sum of $16,811.43 with interest from September 12, 1979 at the rate of 6% per annum until June 25, 1981 and at the rate of 9% per annum thereafter, and the order otherwise affirmed, without costs or disbursements.

KUPFERMAN, J. P., SULLIVAN, MARKEWICH and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered on March 3, 1982, unanimously modified, on the law, to the

extent of granting to plaintiff its reasonable attorneys' fees on the first and second causes of action and remanding to Special Term for an assessment of said fees, to grant partial summary judgment to plaintiff against defendant Christine L. P. McSweeney in the sum of $16,811.43 with interest from September 12, 1979 at the rate of 6% per annum until June 25, 1981 and at the rate of 9% per annum thereafter, and the order is otherwise affirmed, without costs and without disbursements.