OPINION OF THE COURT

Per Curiam.

Order entered May 14, 1982 reversed, with $10 costs, complaint dismissed, and judgment directed for defendant as prayed for in the counterclaim.
The facts are simple enough. Plaintiff maintained a savings account at the defendant bank. A check in the sum of $1,900.75 drawn on a Connecticut bank, payable to one Vera Harris, was indorsed by the payee and given to plaintiff, who in turn indorsed the instrument and deposited it in her account on September 7, 1978. According to plaintiff’s testimony, she was at the bank on various occasions after that date inquiring about the check and *705 was eventually told on September 18 by a teller that the check had “cleared”. Plaintiff then withdrew the sum of $1,530 from the account, which she apparently used to pay for certain obligations of Harris, the payee on the check. The check was returned to the defendant uncollected, and defendant charged back plaintiff’s account in the amount then available — to wit, $1,015.19.
Plaintiff sued in negligence and conversion for $1,900.75, the face amount of the check; the bank counterclaimed for $885.56, representing the difference between the amount obtained by plaintiff on the check and the amount recovered on the charge back. Trial Term, finding that plaintiff had “relied on the erroneous statement of defendant negligently made to her detriment”, gave judgment in her favor in the sum of $744.44, the amount the court calculated plaintiff had lost “because of defendant bank’s error”. The counterclaim was dismissed.
We start with the accepted propositions under the Uniform Commercial Code that unless a contrary intent appears, the settlement given by a collecting bank is provisional before the settlement is final and the collecting bank is an agent of the owner during the collection process (Uniform Commercial Code, § 4-201, subd [1]). The statute “operates to keep the risk of loss upon the owner of the item rather than the bank and gives to the depositary bank a right to reimbursement superior to the owner’s rights to the proceeds” (Long Is. Nat. Bank v Zawada, 34 AD2d 1016, 1017). In those cases where the bank making the provisional settlement does not itself receive final payment, the provisional settlement may be reversed and the right of charge back exercised, if the bank acts timely (Uniform Commercial Code, § 4-212, subd [1]).*
The right to charge back is not affected by the bank’s failure to exercise ordinary care with respect to the item, but the bank will remain liable for its negligence in handling the item (Uniform Commercial Code, § 4-212, subd [4], par [b]; § 4-103). We are dubious that the mere statement of a depositor that an unidentified teller told her *706 (mistakenly) that a check had “cleared”, when in fact it had not, constitutes that quantum of proof of negligence which will enable a customer to prevail against the bank under the circumstances disclosed here. A bank may credit a customer’s account with the amount of an item before final settlement and, in response to a specific request or as a matter of general procedure, may permit the customer to withdraw against it. That does not mean that the bank should be left without remedy against its customer if the bank does not ultimately receive final payment (see Isaacs v Chartered New England Corp., 378 F Supp 370, 374-375). The risk of loss continued in the plaintiff, not the agent bank, until settlement became final, and plaintiff cannot shift the risk of loss to the bank by relying upon the statement of the teller or the fact that she was permitted to withdraw funds from her account.
The error occurred here because the teller presumably treated the item in question as a domestic check instead of a foreign check; checks in the latter category were, by bank policy, to be restricted against a customer’s account for 30 days. If this was negligence, it was not negligence which resulted in the nonpayment of the item. Under the Code, “the measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount which could not have been realized by the use of ordinary care” (Uniform Commercial Code, § 4-103, subd [5]). Since the check could not have been and was not in fact collected, quite apart from defendant’s alleged negligent representation to the plaintiff that it had “cleared”, plaintiff’s recovery would, pursuant to the Code rule, be reduced by the amount which would have been in any event uncollectible — which is the entire amount of the item in this case. Plaintiff did not sustain cognizable damages because the check she deposited was never paid, yet she was able to obtain and use the proceeds thereof either for her own benefit or the benefit of another of her choosing. No bad faith on the part of the defendant has been alleged or proven. In consequence, plaintiff’s remedy lies against the indorser and/or drawer of the check.

 No claim is made that defendant did not exercise its right “by its midnight deadline or within a longer reasonable time after it learnfed] the facts” (Uniform Commercial Code, §4-212, subd [1]).