■ BANK OF NEW YORK, Appellant-Respondent, v MARK REICHIN et al., Respondents-Appellants. [607 NYS2d 475] —White, J. Cross appeals (1) from an order of the Supreme Court (Cobb, J.), entered September 23, 1992 in Ulster County, which, *inter alia,* partially granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered February 24, 1993 in Ulster County, which, upon reconsideration, *inter alia,* adhered to its prior decision.

On September 30, 1988, defendant Mark Reichin (hereinafter Reichin) deposited a check for $67,000 in a joint checking account held with his wife, defendant Karen J. Reichin, in the Poughkeepsie branch of plaintiff. This check was drawn by MKRCD Holdings, Inc. on Professional Savings Bank in Miami, Florida, and represented the purchase price for an airplane that Reichin's corporation was selling to MKRCD. Plaintiff's Poughkeepsie branch sent the check through the usual channels to the Federal Reserve Bank in Miami; however, plaintiff failed in the process to properly encode the check with its identifying stamp. The check was received by Professional Savings Bank on October 3, 1988, where it was dishonored for insufficient funds and returned to the Federal Reserve Bank on October 4, 1988. The check was not returned to plaintiff, however, because due to the missing encoding, the Federal Reserve Bank was unable to identify it as the depository bank. Because Reichin was advised by plaintiff on Octo-

ber 11, 1988 that he could draw against his deposit of $67,000, he had plaintiff wire $54,752.20 to Key Bank to satisfy a lien on the airplane that had just been sold. On October 17, 1988, the dishonored check was returned to plaintiff which debited Reichin's account for $67,000, thus creating an overdraft of $63,871.34. Plaintiff also advised Reichin that the check had been dishonored but allowed Reichin to continue use of the account despite the negative balance. In December 1988, an officer of plaintiff contacted Reichin and advised him that the late return was not the fault of the bank but that they would follow up with the maker to obtain the funds. In the spring of 1989, after plaintiff informed Reichin that it had no success in collecting on the check and that he was responsible for repayment of the overdraft, Reichin then sold the aircraft to another buyer for $50,000. Plaintiff commenced this action against defendants to recover the $63,871.34 overdraft and defendants answered and interposed a counterclaim in the amount of $22,000.

Plaintiff moved for summary judgment and Supreme Court partially granted the motion by offsetting the amount of Reichin's counterclaim and awarding plaintiff judgment against Reichin in the amount of $41,871.34. Supreme Court dismissed the complaint against Karen Reichin, but, upon reargument, the court reinstated it. These cross appeals ensued.

UCC 4-201 provides that unless a contrary intent clearly appears prior to the time of settlement, any settlement given for an item is provisional. UCC 4-212 (1) further provides that where a collecting bank has made a provisional settlement and fails to receive a settlement for the item, it may revoke the settlement and charge back the amount of any credit given for the item in the customer's account. The record shows that this was the procedure plaintiff followed. Accordingly, Supreme Court properly awarded it partial summary judgment against Reichin (see, Chase v Morgan Guar. Trust Co., 590 F Supp 1137; Isaacs v Chartered New England Corp., 378 F Supp 370; Allen v Carver Fed. Sav. & Loan Assn., 123 Misc 2d 704).

Turning to plaintiff's claim against Karen Reichin, although UCC 4-401 (1) permits a bank to create an overdraft, it does not expressly address the question of a nondrawing cosigner's liability for overdrafts. Courts that have considered this issue under the UCC have concluded that the nondrawing cosigner is not liable unless he or she participated in the creation of the overdraft, received benefit from it or in some way ratified

it *(see, United States Trust Co. v McSweeney*, 91 AD2d 7, 10-11; Annotation, *Nondrawing Cosigner's Liability for Joint Checking Account Overdraft*, 48 ALR4th 1136). Here, the record is devoid of any proof that Karen Reichin created, benefited from or ratified the overdrafts. Thus, Supreme Court should not have reinstated the complaint against her.

In view of plaintiff's advice to Reichin to forebear from taking any action against the maker because they would take responsibility for collecting the check, and as it never took such action, we conclude there is a question of fact regarding plaintiff's bad faith under UCC 4-103 (5). Thus, Supreme Court was justified at this point in offsetting the amount of Reichin's counterclaim against plaintiff's claim *(see, Atlas Arm Co. v Smith*, 25 AD2d 669, 670).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order entered September 23, 1992 is affirmed, without costs. Ordered that the order entered February 24, 1993 is modified, on the law, without costs, by reversing so much thereof as reinstated the complaint against defendant Karen J. Reichin, and, as so modified, affirmed.