■ DAVID A. SONENBERG, Appellant, v MARINE MIDLAND BANK, N. A., Respondent. [607 NYS2d 635] —Order, Supreme Court, New York County (Francis Pecora, J.), entered March 19, 1991, which denied plaintiff's motion for partial summary judgment pursuant to CPLR 3212 in the sum of $18,000 and for summary judgment as to liability, and which granted the cross motion by defendant Marine Midland Bank, N. A. for summary judgment pursuant to CPLR 3212 dismissing the complaint, and order of the same court and Justice, entered

October 3, 1991, which granted plaintiff's motion for reargument and, upon reargument, adhered to the court's prior determination, unanimously affirmed, with costs.

The IAS Court properly determined that the plaintiff had not suffered any loss recoverable from defendant Marine Midland Bank inasmuch as the $20,000 check which was improperly encoded for $2,000 by the depository bank, Marine Midland, would nevertheless not have been paid by the payor bank, Rainier National Bank, because of insufficient funds, since, pursuant to UCC 4-103 (5), the measure of damages for Marine Midland's failure to exercise ordinary care in handling that item is the amount of the item less any amount that was uncollectible, which, in this instance, was the entire amount of the check (see, *Allen v Carver Fed. Sav. & Loan Assn.*, 123 Misc 2d 704, 706; *Wertling v Manufacturers Hanover Trust Co.*, 118 Misc 2d 722, 727).

UCC 4-103 (5), which sets forth the measure of damages for failure to exercise "ordinary care" in handling an item, provides, in pertinent part, that "[t]he measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount which could not have been realized by the use of ordinary care", with Comment 6 thereto specifically providing that "[i]n the absence of bad faith the maximum recovery is the amount of the item concerned", and that "[w]hen it is established that some part or all of the item could not have been collected even by the use of ordinary care the recovery is reduced by the amount which would have been in any event uncollectible."

Here, the record establishes that even if defendant Marine Midland had exercised the utmost care, and had, in fact, properly encoded the $20,000 check for its full amount, the plaintiff still did not sustain any cognizable damages since the check in question would not have been paid because of insufficient funds.

Nor has the plaintiff demonstrated his entitlement to recovery based upon Marine Midland's alleged "excessive delay" in exercising its right to charge-back on the check pursuant to UCC 4-212 (1), since the facts disclose that Marine Midland acted within a "reasonable time", within the meaning of that section, after learning of the underlying facts, and that any delay by Marine Midland in charging back an $18,000 provisional credit it had given plaintiff pending investigation of the matter resulted solely from plaintiff's failure to provide, as promised, documentation establishing that the check would, in

fact, be paid, with the provisional credit thereafter reversed by the defendant when the plaintiff failed to provide that necessary documentation.

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross, Rubin and Tom, JJ.