■ STANLEY W. BROWN, Appellant, v FLUSHING FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent.—In an action to recover diverted funds, plaintiff appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated November 14, 1984, which denied his motion for summary judgment.

Order modified, on the law, by (1) deleting therefrom the words "by reason of the existence of trial [sic] issues of fact" and (2) adding a provision thereto granting summary judgment to defendant (CPLR 3212 [b]). As so modified, order affirmed, with costs to the defendant.

The facts of this case were stipulated to by the parties and are as follows:

"1. JULIA TENEBRA, plaintiff's testatrix, had an account with defendant with a balance of TWENTY THOUSAND TWO HUNDRED EIGHTY NINE and 46/100 DOLLARS ($20,289.46) as of November 27th, 1981.

"2. Said amount was withdrawn on or about November 27th, 1981 by PETER N. BERTUCCI, as Executor of the estate by check to the order of the estate of JULIA TENEBRA, after defendant was presented with a death certificate of decedent, Letters Testamentary appointing the said PETER N. BERTUCCI as Executor, tax waiver for the account and withdrawal slip executed by PETER N. BERTUCCI as Executor, all annexed hereto.

"3. Thereafter, on or about November 30th, 1981, PETER N. BERTUCCI endorsed, as Executor, said check to defendant and requested that defendant bank reissue a check for ONE THOUSAND and 00/100 DOLLARS ($1,000.00) and two checks each for FIVE THOUSAND and 00/100 ($5,000.00) all to the order of PETER N. BERTUCCI, as attorney and check for NINE THOUSAND TWO

HUNDRED EIGHTY NINE and 46/100 DOLLARS ($9,289.46) to the order of the estate of JULIA TENEBRA.

"4. Defendant bank redrew the checks as indicated above and delivered these to PETER N. BERTUCCI".

Plaintiff argues that defendant violated EPTL 11-1.6 (a) by reissuing the checks to Bertucci's order "as attorney" rather than indicating that the checks were payable to Bertucci in his capacity as executor.

EPTL 11-1.6 (a) provides that, "Every fiduciary shall keep property received as fiduciary separate from his individual property. He shall not invest or deposit such property with any corporation or other person doing business under the banking law, or with any other person or institution, in his own name, but all transactions by him affecting such property shall be in his name as fiduciary".

However, since defendant is not a fiduciary with respect to decedent's estate (see, EPTL 11-1.1 [a] [3]), defendant is not liable for conversion of the funds by virtue of any violation of EPTL 11-1.6 (a). The fact that Bertucci requested that the checks be issued to himself as attorney did not alone put defendant on notice of a threatened misappropriation (see, *Manufacturers' Trust Co. v United States Mtge. & Trust Co.*, 122 Misc 726, *affd* 213 App Div 345, *affd* 244 NY 550; *Newton v Livingston County Trust Co.*, 231 App Div 355).

"When dealing with a fiduciary, a bank 'is not bound to inquire whether the fiduciary is applying the fund to the purposes of the trust, unless the bank has some notice of threatened misappropriation, and, with that notice, aids the misappropriation' (*Clarke v Public Nat. Bank & Trust Co.*, 259 NY 285, 290). In the absence of such notice, the bank has a right to presume that the fiduciary will apply the funds to a proper purpose (*Clarke v Public Nat. Bank & Trust Co., supra*, p 289; *Bischoff v Yorkville Bank*, 218 NY 106, 111)" (*Matter of Knox*, 101 AD2d 998, 998-999, *affd* 64 NY2d 434). Similarly, defendant here had the right to presume that Bertucci, as executor, would apply the checks to their proper purposes. Since there is nothing in the stipulated facts or elsewhere in the record to indicate that defendant had any notice that the checks constituted a diversion of estate funds, we grant summary judgment in favor of defendant. Bracken, J. P., O'Connor, Rubin and Lawrence, JJ., concur.