■ DANIEL H. SIROTY, Respondent, v RICHARD NELSON et al., Defendants, DRY DOCK SAVINGS BANK, Respondent-Appellant, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent and Third-Party Plaintiff-Appellant. LONG ISLAND TRUST COMPANY, Third-Party Defendant-Respondent. (Action No. 1.) MILTON MASON, as Executor of JOSEPH FLAUM, Deceased, Respondent, v DANIEL SIROTY et al., Defendants, and DRY DOCK SAVINGS BANK, Appellant. (Action No. 2.)—In consolidated actions to recover for the misappropriation of trust funds, United States Fidelity and Guaranty Company appeals from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), entered October 2, 1987, as denied that branch of its motion which was for summary judgment in its favor on its third-party complaint against the Long Island Trust Company, and the defendant Dry Dock Savings Bank cross-appeals from so much of the same order as (1) granted that branch of the motion of United States Fidelity and Guaranty Company which was for summary judgment on its cross claim against it, (2) granted the motion of the plaintiff Daniel Siroty for summary judgment in his favor and against it, (3) upon searching the record, awarded the plaintiff in action No. 2 summary judgment against it, and (4) denied its cross motion for summary judgment dismissing the plaintiffs' complaints and the cross complaint of United States Fidelity and Guaranty Company against it.

Ordered that the order is reversed insofar as cross-appealed from by Dry Dock Savings Bank, and the cross motion of Dry Dock Savings Bank for summary judgment dismissing the complaints of Daniel Siroty and Milton Mason, and the cross complaint of United States Fidelity and Guaranty Company insofar as they are asserted against it, is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by United States Fidelity and Guaranty Company; and it is further,

Ordered that Dry Dock Savings Bank is awarded one bill of costs, payable by United States Fidelity and Guaranty Company.

During his lifetime Joseph Flaum maintained a joint bank

account at Dry Dock Savings Bank (hereinafter Dry Dock) in his own name and that of his nephew Daniel Siroty. Sometime in 1980, Siroty unilaterally closed the joint account, which contained approximately $70,000 with accumulated interest, redepositing the proceeds in his own name and that of his wife. When Flaum learned of the transfer, he commenced an action in the Supreme Court, Nassau County, to recover his interest in those funds. Dry Dock moved to be discharged as a stakeholder and submitted a proposed order providing for the payment of the amount in dispute to the Treasurer of the County of Nassau. It should be noted that by order dated January 30, 1981, the Supreme Court, Nassau County (Kelly, J.), signed the proposed order of Dry Dock amending it to direct payment to "Richard F. Nelson, Esq., as attorney, 189 Sunrise Highway, Rockville Centre, N.Y. 11570 to be deposited in an interest bearing account subject to the further order or judgment of this court and the filing of a bond in the said amount by Richard F. Nelson, with the Clerk of Nassau County". Upon Nelson's presentation of a bond issued by United States Fidelity and Guaranty Company (hereinafter USF&G) in the amount of $70,000, Dry Dock made payment of the funds by check to "Richard F. Nelson, as Attorney". Although USF&G had directed Nelson to deposit the funds in an account at Chemical Bank over which USF&G would exercise joint control, Nelson deposited the Dry Dock check in his escrow account. He subsequently withdrew the funds which he squandered on gambling.

Flaum died on November 4, 1981. The action between the Flaum estate and Siroty was transferred to the Surrogate's Court and settled on December 6, 1983, with the Flaum estate settling for two thirds of the proceeds. Shortly thereafter, the trust beneficiaries learned that Nelson had misappropriated the funds and had been declared bankrupt. An action was commenced by Siroty against Dry Dock and USF&G in Supreme Court, and then transferred to Surrogate's Court for consolidation with the action commenced by the estate of Flaum against USF&G. USF&G interposed, *inter alia,* a cross claim against Dry Dock. Although USF&G made payment on the bond it did not completely cover the losses of Siroty and the estate of Flaum. The Surrogate, in pertinent part, awarded Siroty, the estate, and USF&G summary judgment against Dry Dock in an amount equal to the funds it turned over to Nelson, due to its failure to incorporate the language "subject to the further order or judgment of this court" on the face of its check to Nelson.

It is well settled that when dealing with a fiduciary, a bank is not under a duty to ensure that the fiduciary is acting in conformity with his trust, unless the bank has independent notice of the fiduciary's bad faith or dishonesty, and despite such notice aids in the misappropriation *(see, Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.],* 64 NY2d 434; *Brown v Flushing Fed. Sav. & Loan Assn.,* 112 AD2d 185). Since Dry Dock had no reason to suspect the integrity of the court-appointed fiduciary, it was entitled to presume that he would apply the funds to the proper purposes of the trust. The Surrogate's interpretation of the January 30, 1981 order as imposing additional obligations upon Dry Dock is not sustainable. Rather, Dry Dock's obligation under the order was satisfied upon its making "payment * * * to Richard F. Nelson, Esq., as attorney" upon presentation of the bond. That portion of the order which directed that the funds were "to be deposited in an interest bearing account subject to the further order or judgment of the court and the filing of a bond in the said amount by Richard F. Nelson" pertained to Nelson's obligations as fiduciary and did not constitute language to be included on the face of the check. Since Dry Dock was authorized to make payment to "Richard F. Nelson, Esq., as attorney", which it did, the Surrogate erred in holding Dry Dock liable for Nelson's subsequent misuse of the money.

We have considered the remaining contentions raised by those parties submitting briefs and find them to be without merit. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.