■ CALISCH ASSOCIATES, INC., Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, Appellant, et al., Defendants. —Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about April 11, 1988, which denied the motion of defendant Manufacturers Hanover Trust Company pursuant to CPLR 3211 to dismiss the third, fifth and sixth causes of action of the complaint and strike the claim for punitive damages against it, is unanimously reversed on the law to the extent appealed from, and the motion to dismiss the third, fifth and sixth causes of action is granted, without costs or disbursements.

Plaintiff is a New York corporation engaged in the business of public relations and advertising. For approximately 11 years, until she was terminated in January of 1987, defendant Sonya Rounick was employed by plaintiff as a secretary and bookkeeper. In the course of her employment, she had access to plaintiff's books and records and, beginning some time in 1981, she purportedly embezzled in excess of $1 million. Her method of operation was to prepare checks payable to various vendors of plaintiff. Rounick then forged the endorsements of the payees and, on occasion, the signature of plaintiff's president. She brought the checks to the 741 Fifth Avenue branch of defendant Manufacturers Hanover Trust Company where plaintiff maintained an account, and, it is alleged, the same teller regularly honored the checks and gave her cash. Rounick apparently escaped detection for so long because the checks, although there were hundreds of them, were generally in amounts of under $1,000. However, it appears that plaintiff has not yet been able to document the entirety of the losses claimed. The instant action was commenced against Rounick, plaintiff's accountant and Manufacturers Hanover Trust Company.

On appeal, defendant bank urges that the Supreme Court erred in denying its motion pursuant to CPLR 3211 to dismiss the third, fifth and sixth causes of action against it. The third cause of action asserts that defendant acted in bad faith and in gross negligence and with reckless indifference to plaintiff's rights in assisting or otherwise acting in concert with Rounick so as to enable her to receive cash payments on delivery to the bank of the forged checks. The fifth cause of action is for money had and received, and the sixth cause of action claims

conversion on the part of the bank. In that connection, a checking account creates a contractual debtor-creditor relationship between the drawee bank and its customer *(see, Tonelli v Chase Manhattan Bank,* 41 NY2d 667; *Brigham v McCabe,* 20 NY2d 525).

A cause of action for negligence cannot be based on a breach of a contractual duty *(Luxonomy Cars v Citibank,* 65 AD2d 549; *Commonwealth Motor Parts v Bank of Nova Scotia,* 44 AD2d 375, *affd* 37 NY2d 824). It is true that the Court of Appeals has recognized a claim for commercial bad faith in a situation "[w]here a depositary bank acts dishonestly—where it has actual knowledge of facts and circumstances that amount to bad faith, thus itself becoming a participant in a fraudulent scheme" *(Prudential-Bache Sec. v Citibank,* 73 NY2d 263, 275), since "such conduct falls wholly outside the allocation of business risks that was contemplated by UCC 3-405 (1) (c)" *(Prudential-Bache Sec. v Citibank, supra,* at 275). UCC 3-405 (1) (c), it should be noted, is the "fictitious payee" or "padded payroll" rule, which provides that an "indorsement by any person in the name of a named payee is effective if * * * an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest." However, to the extent that plaintiff's third cause of action is founded in bad faith, the factual allegations contained in the complaint are insufficient to bring this claim within the holding of *Prudential-Bache Sec. v Citibank (supra).* In that case, the dishonest employee in question bribed two Citibank employees to establish checking accounts without proper opening account records and corporate resolutions and with fictitious corporate officers, and they also agreed not to file with the Internal Revenue Service currency reports mandated for cash transactions in excess of $10,000. Thus, unlike the instant matter involving a claim that one of Manufacturers Hanover's tellers participated, whether wittingly or not, in Rounick's check-cashing scheme, plaintiff in *Prudential-Bache Sec. v Citibank (supra,* at 276) "has pleaded * * * not merely a lapse of 'wary vigilance' * * * or even 'suspicious circumstances which might well have induced a prudent banker to investigate'. * * * Such assertions of bank negligence by a drawer would be insufficient to state a cause of action against a depositary bank. Instead plaintiff has portrayed an embezzlement scheme of massive dimension accomplished in part through a pattern of money-laundering conducted on a near-daily basis by a single individual, concentrated within a few months, at one bank

branch". In contrast, plaintiff herein urges that Manufacturers Hanover acted in bad faith by failing to perceive that a fraud was in progress either because one of its employees was conspiring with Rounick or by not adequately training and supervising its employees regarding proper bank procedures. At most, these allegations amount to a claim that defendant bank was negligent in not being sufficiently viligant and/or not providing satisfactory instruction to its staff. The third cause of action should, consequently, have been dismissed.

The fifth cause of action for money had and received is defective as there is no assertion in the complaint that Manufacturers Hanover received and retained money belonging to plaintiff (see, Parsa v State of New York, 64 NY2d 143). Rather, it was Rounick who is alleged to have obtained plaintiff's funds. Moreover, since a customer's bank account is merely a debt owed to it by the bank, and there is no identifiable property which could have been taken by defendant, the sixth cause of action for conversion is also defective. Indeed, to the extent that the Court of Appeals in Prudential-Bache Sec. v Citibank (supra) rejected the attempt therein to interpose claims for both money had and received and conversion as a means to circumvent the fictitious payee defense of UCC 3-405 (1) (c), that case is precisely on point and requires dismissal of plaintiff's fifth and sixth causes of action. Concur—Sullivan, J. P., Asch, Milonas, Kassal and Rosenberger, JJ.