OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, the motion of USF&G for summary judgment on its cross claim against Dry Dock granted, the motion of plaintiff Siroty for summary judgment against Dry Dock granted, and Dry Dock’s cross motion for summary judgment dismissing Siroty’s complaint and the cross complaint of USF&G against Dry Dock denied.
Appellants Daniel Siroty and United States Fidelity and Guaranty Company (USF&G) maintain that respondent Dry Dock Savings Bank’s (Dry Dock) failure to comply with Supreme Court’s order discharging Dry Dock as a stakeholder in a dispute between Siroty and Joseph Flaum resulted in the misappropriation of the disputed funds by Richard F. Nelson, Esq., the court-appointed fiduciary.[1] Pursuant to the court-ordered discharge, Nelson received a check from Dry Dock which he deposited in his escrow account. However, Nelson subsequently withdrew the funds and lost them gambling. We agree with appellants’ contention that Dry Dock’s failure to *959 comply with Supreme Court’s discharge order renders Dry Dock jointly and severally liable for Nelson’s misappropriation of the funds.
The discharge order provided the conditions under which Dry Dock would be removed from its position as stakeholder and absolved from liability to both Siroty and Flaum for the disputed funds (see, CPLR 1006 [f]). Specifically, the order required Dry Dock to execute a check in the amount of $70,000 payable to Richard F. Nelson, Esq. Additionally, the second paragraph of the order further required that the funds were to be deposited in an interest-bearing account "subject to the further order or judgment of this Court”. Finally, the third paragraph of the order made clear that Dry Dock would be absolved from liability only upon the happening of the contingency specified in the third paragraph of the discharge order.[2] As found by the Surrogate’s Court, the requirements in the second paragraph were not satisfied.
First, Dry Dock issued a check to Nelson in the amount of $75,984.71 knowing that Nelson had been bonded by USF&G for only $70,000, and choosing to ignore the inadequacy of the bond. Second, Dry Dock simply mailed the check to Nelson, and never ascertained whether the funds had been properly placed in an interest-bearing account as required by the order. Finally, in direct violation of the discharge order, Dry Dock failed to state on the face of the check that the funds had been paid to Nelson "subject to the further order or judgment of this Court” (emphasis supplied). In this regard, we disagree with both Dry Dock’s and the dissent’s interpretation of the order, and the contention that the language contained in the second paragraph of the order was merely a direction to Nelson in his capacity as fiduciary as opposed to the imposition of a further obligation on Dry Dock.
Because of Dry Dock’s complete failure to perform the conditions precedent imposed by the discharge order, pursuant to the third paragraph of the order, Dry Dock was never relieved of its liability to Siroty and, consequently, under the *960 circumstances presented, is liable for Nelson’s defalcation. By failing to comply with the order, Dry Dock released the funds to Nelson at its own peril.
Finally, the dissent’s reliance on Matter of Knox (64 NY2d 434) and Brown v Flushing Fed. Sav. & Loan Assn. (112 AD2d 185) is misplaced. Unlike the instant case, neither of those cases involved the failure of the defendant bank to properly perform a court-imposed condition precedent in order to qualify for its discharge from liability. In addition, unlike the depository bank in Knox which was unaware of the court-imposed limitations on the fiduciary’s power to withdraw the funds, Dry Dock had actual knowledge of Nelson’s limitations but still drew a check to Nelson’s order in such a way that Nelson could easily treat the proceeds as his own (see, Bradford Trust Co. v Citibank, 60 NY2d 868; UCC 3-117, 3-304).

. Upon Flaum’s death, the dispute was transferred to the Surrogate’s Court and has been pursued by Flaum’s estate.

. The order provided in pertinent part:
"ordered that said payment shall be made to richard f. nelson, Esq. as attorney, 189 Sunrise Highway, Rockville Centre, New York 11570 to be deposited in an interest bearing account subject to the further order or judgment of this Court and the filing of a bond in the said amount by richard f. nelson, Esq. with the Clerk of Nassau County * * *
"ordered, that upon the deposit being made as aforesaid, the defendant dry dock savings bank, shall be absolved of any further liability.”