Alexander, J.
(dissenting). I cannot agree with the majority’s holding that Dry Dock is liable for the defalcations of Nelson. In my view, the order entered by Supreme Court on Dry Dock’s CPLR 1006 (f) application did not in fact, nor did it purport to, impose any duty on Dry Dock to assure that the funds comprising the stake be deposited in an interest-bearing account subject to the further order or judgment of the court. Rather, these directives imposed conditions on Richard Nelson, the attorney to whom Dry Dock was directed to pay the funds and whose defalcation caused the loss of the funds. Because I see no principled distinction between this case and our recent decision in Matter of Knox (64 NY2d 434), I dissent.
Dry Dock, as depositary of a joint account that had become the subject of litigation between appellant Daniel Siroty and Joseph Flaum, petitioned Supreme Court, pursuant to CPLR 1006 (f), to be discharged as stakeholder. The court granted the petition and directed that an order be settled. Dry Dock submitted an order providing that it pay into the court $70,000 with accumulated interest. The order further provided that payment of the money be made "to the Treasurer of the County of Nassau, to be disposed of in accordance with the further order or final judgment of this Court”. On signing the order, the court substituted Richard Nelson, Esq., for the Treasurer of the County of Nassau as the person to whom the money was to be paid by providing "that said payment shall be made to richard f. nelson, Esq., as attorney, 189 Sunrise .Highway, Rockville Centre, New York 11570 to be deposited in an interest bearing account subject to the further order or *961 judgment of this Court and the filing of a bond in the said amount by richard f. nelson, Esq. with the Clerk of Nassau County.” Dry Dock issued its check to Richard Nelson for $75,984.71, representing the balance in the account plus accrued interest. Nelson deposited the money in his escrow account; he subsequently withdrew the money and lost it gambling.
Initially, I note that the majority’s assertion that Dry Dock failed to comply with the court’s order by paying Nelson $75,984.71, instead of only $70,000, ignores the fact that the court’s order obligated Dry Dock to pay any interest that had accumulated on the funds. Because there is no indication that the amount paid in excess of $70,000 represented anything other than interest, Dry Dock’s payment of this sum complied with its obligations under the court’s order.
It has been long settled that a bank has a right to presume that the fiduciary will apply to its proper purpose funds received in his or her fiduciary capacity (Clarke v Public Natl. Bank & Trust Co., 259 NY 285, 289). A bank is responsible for the fiduciary’s misuse of such funds only when the bank has notice or knowledge "not only that the moneys were received for a trust purpose but also that they were diverted from that purpose” (id.). Thus, we recently held that when dealing with a fiduciary, a bank has no duty to ensure that the fiduciary applies the funds to their proper purposes, unless the bank has independent notice or knowledge that a diversion is intended or is being executed (Matter of Knox, 64 NY2d 434, 437, supra). Because there is no indication that Dry Dock had reason to suspect the court-appointed fiduciary would be untrue to his trust, it was entitled to presume that he would apply the funds to the proper purposes of the trust.
The majority’s imposition of liability on Dry Dock is bottomed on its conclusion that the court’s order imposed a duty on Dry Dock to indicate on the check issued to Nelson that his use of the funds was limited by that court order. The directions of the order addressed to Dry Dock, however, were simply to make "payment * * * to richard f. nelson, Esq., as attorney”. The provisions of the order directing that the money was "to be deposited in an interest bearing account subject to the further order or judgment of this Court and the filing of a bond in the said amount by richard f. nelson” were addressed to Nelson and pertained to his obligations as fiduciary. The depositing of the money in the appropriate account and providing of a bond in the required amount were *962 actions required of Nelson, not Dry Dock. Since the order authorized Dry Dock to pay the stake to Nelson, which it did, it was not liable for Nelson’s subsequent misuse of the money.
Contrary to the majority’s conclusion, Matter of Knox (64 NY2d 434, supra) and Brown v Flushing Fed. Sav. & Loan Assn. (112 AD2d 185) are clearly controlling in this case. The majority purports to distinguish those cases on the premise that those banks did not fail to perform a court-imposed condition precedent, such as the majority discerns from the terms of this order. This analysis is flawed, however, because not only is no condition that Dry Dock place restrictive language on the check imposed by this order, but the bank in Knox was under a statutorily imposed duty to obtain from the fiduciary, a guardian ad litem, his letters of guardianship (Banking Law § 237) which would have apprised the bank of the limited scope of his authority. Notwithstanding the bank’s negligent failure in Knox to comply with its statutory duty, we absolved the bank of liability, concluding that "the bank is not the fiduciary’s guarantor” (Matter of Knox, 64 NY2d 434, 439, supra). No different result is warranted here.
Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Alexander dissents and votes to affirm in an opinion.
Order, insofar as appealed from, reversed, etc.