RETAIL SHOE HEALTH COMMISSION et al., Respondents, v MANUFACTURERS HANOVER TRUST COMPANY et al., Appellants, and ELEANOR SIMON, Individually and as Administratrix of the Estate of JEROME M. SIMON, Deceased, et al., Respondents, et al., Defendants.

MANUFACTURERS HANOVER TRUST COMPANY, Third-Party Plaintiff-Appellant-Respondent, v BANKERS TRUST Co. et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.

CHARLES G. REMINICK et al., Third-Party Plaintiffs-Respondents, v MANUFACTURERS HANOVER TRUST COMPANY et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. (And Other Consolidated Actions.)

First Department, July 26, 1990

## APPEARANCES OF COUNSEL

*William R. Mait* of counsel *(Robert Wang* with him on the brief; *Mait, Wang & Simmons,* attorneys), for respondents.

*Howard L. Wieder* of counsel *(Robert M. Rosenblith,* attorney), for Manufacturers Hanover Trust Company, defendant third-party plaintiff-appellant-respondent and third-party defendant-appellant.

*Jack H. Weiner (Christopher D. Kearns* with him on the brief), for Bankers Trust Co., defendant and third-party defendant-appellant.

*Maryellen Chomsky* of counsel *(Ira S. Newman,* attorney), for Bank Leumi Trust Company of New York, third-party-defendant-appellant.

*Robert T. Stephenson* of counsel *(Barbara E. Daniele,* attorney), for Chemical Bank, third-party-defendant-appellant.

*Marianne P. Sender* of counsel *(Kent T. Stauffer,* attorney), for Chase Manhattan Bank, third-party-defendant-appellant.

*Gregg A. Willinger* of counsel *(Robert E. Meshel* and *Andrew R. Simmonds* with him on the brief; *D'Amato & Lynch,* attorneys), for Reminick, Aarons & Company and another, defendants and third-party plaintiffs-respondents.

### OPINION OF THE COURT

KUPFERMAN, J. P.

The five consolidated actions underlying these cross appeals arise from the embezzlement during the period 1972 through 1979 of 714 checks totaling $675,634 by the late Jerome M. Simon, the former administrator of plaintiff Retail Shoe Health Commission, a collectively bargained multiemployer, jointly administered employee welfare fund (the Fund).

He prepared duplicate vouchers for medical benefit claims submitted by the Fund's beneficiaries and, as an authorized signatory of the Fund, issued 714 duplicate checks drawn against the Fund's checking account at Manufacturers Hanover and made payable to "fictitious payees". Then, using forged endorsements, he deposited them primarily in an account at Bankers Trust or with the other third-party banks.

Simon's defalcations were not discovered until after his death in September 1979, when discrepancies in check vouchers surfaced in December 1979. After discovering the embezzlement, the Fund, on March 24, 1980, gave Manufacturers Hanover notice of its claims and also filed a claim with its insurer, which, on behalf of the Fund, commenced these lawsuits in 1981 against the appellant banks and others, including Simon's widow and his estate, Barrister Shoes, Inc., a recipient of the checks, and the Fund's accountants, Reminick, Aarons and Company, whom it discharged in March 1980. The Fund sued Manufacturers Hanover as the depositary

payor bank to recover the full amount of the checks on the ground of forged endorsements, alleging negligence, moneys had and received and conversion. Manufacturers Hanover then brought a third-party action against Bankers Trust and other collecting banks on the ground that they had guaranteed all prior endorsements on the checks drawn against it. Manufacturers Hanover and Bankers Trust were, in turn, sued for contribution in a third-party action by the Fund's accountants.

■ With regard to Manufacturers Hanover, it is clear that the Fund, despite receiving and reconciling monthly bank statements with its books, which reconciliations were checked semiannually by its accountants, failed to discover the embezzlement for some eight years. It thus failed to comply with the terms of its customer agreement with the bank, which provided that statements of account would be considered correct for all purposes unless it gave the bank written notice, within six months, of any forged endorsement or improper payment, and any suit was to be commenced within 18 months. These requirements were conditions precedent to any suit and apply to all of the checks except for those mailed to the Fund after September 25, 1978. Moreover, UCC 4-406 (4) bars recovery, without regard to care or lack of care of either the customer or the bank, respecting claims of unauthorized signatures or endorsements on checks deposited more than three years prior to suit.

■ Any recovery by the Fund against appellant banks is barred by UCC 3-405 (1) (c), known as the "fictitious payee" or "padded payroll" rule, which provides that an endorsement by any person in the name of a named payee is effective if "an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest." As noted by the Court of Appeals in *Prudential-Bache Sec. v Citibank* (73 NY2d 263, 270), this section provides an exception to the general principle that a drawer is not liable on an unauthorized endorsement, and its underlying principle, a fundamental public policy determination, is that losses arising in the manner specified are "more business risks than banking risks" and the employer, in this case the Fund, is normally in a better position to prevent such forgeries by reasonable care in selecting and supervising its employees or to cover any loss with fidelity insurance. Here, the Fund

admits that Simon was its administrator and, in such capacity, prepared duplicate claims vouchers and supplied the Fund with the names of the payees of the checks intending that such payees have no interest in them. Thus, Simon's endorsements of those checks in the names of the payees were "effective" and appellant banks have no liability to the Fund.

■ Insofar as the Fund and its former accountants seek to assert a claim sounding in commercial bad faith against Manufacturers Hanover Trust and Bankers Trust, such claims may survive summary judgment only if the plaintiff has alleged facts inculpating the principals of the bank as actual participants in unlawful activity. *(Prudential-Bache Sec. v Citibank, supra,* 73 NY2d, at 277.) Unlike that case, where the dishonest employee bribed two Citibank employees to facilitate his fraudulent scheme, there is no showing of fraudulent conduct on the part of any bank employee that would help to defeat summary judgment. *(See, Calisch Assocs. v Manufacturers Hanover Trust Co.,* 151 AD2d 446, 447.) Where allegations amount to a claim that a defendant bank was negligent in not being sufficiently vigilant and/or not providing satisfactory instruction to its staff, that is insufficient to establish conduct falling outside the allocation of the business risks contemplated by UCC 3-405 (1) (c).

As to the third-party claims against Chemical Bank, Chase Manhattan and Bank Leumi, the checks involved were negotiated in 1974 and 1975 and any recovery is barred by UCC 4-406 (4). Any third-party claim against them is likewise academic in light of our dismissal of the claims against Manufacturers Hanover.

Accordingly, the order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered March 27, 1989, which, *inter alia,* denied the motions and cross motions of defendant third-party plaintiff and third-party defendant Manufacturers Hanover Trust Company, defendant and third-party defendant Bankers Trust Company and third-party defendants Chemical Bank, The Chase Manhattan Bank, N. A. and Bank Leumi Trust Company of New York, for summary judgment dismissing the complaint and third-party complaints, respectively, should be reversed, to the extent appealed from, on the law, and the motions should be granted, without costs.

Ross, ASCH, ELLERIN and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered on March 27, 1989, unanimously reversed, to the extent appealed from, on the law, without costs and without disbursements, and the motions to dismiss the respective complaints granted, as indicated.