(October 15, 1992)

■ TOURO COLLEGE, Appellant-Respondent, v BANK LEUMI TRUST COMPANY OF NEW YORK, Respondent-Appellant, et al., Defendants. (And a Third-Party Action.)—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about February 7, 1990, which denied the defendant Bank Leumi Trust Company of New York's motion for summary judgment dismissing the amended complaint but granted the defendant Bank's motion for partial summary judgment in its favor to the extent that the plaintiff was barred from asserting claims upon checks containing an alteration or unauthorized signature which it did not discover and report within one year after the statements reporting such check or checks were made available, unanimously modified, on the law, to

grant the defendant Bank's motion for summary judgment, and the amended complaint is dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant Bank, dismissing the amended complaint.

The plaintiff instituted this action against Bank Leumi, Jeffrey Dube and Loeb & Troper, seeking damages arising out of Dube's embezzlement of more than $600,000 from accounts the plaintiff maintained at Bank Leumi and its predecessor, from 1975 to 1980. Dube was the comptroller and bursar of the college during that period. Specifically, the plaintiff alleged that the Bank "wrongfully, in bad faith, with gross negligence, and/or negligently" paid approximately $625,818 to Dube by approving and cashing checks drawn on Touro accounts at Bank Leumi and its predecessor, which were made payable to fictitious payees and which contained alterations in the amounts of the checks as well as forged endorsements by Dube.

The Bank alleged, *inter alia,* that the plaintiff failed to exercise due care in that it did not examine bank statements and related documents sent to it by the Bank. The Bank further maintained that the plaintiff was precluded from recovery on altered checks which were not discovered and reported within one year from the time it received the bank statements and from recovery on forged endorsements which were not discovered and reported within three years.

The Bank moved for summary judgment dismissing the amended complaint, or, alternatively, for partial summary judgment with respect to the first, fourth and fifth causes of action. The Supreme Court denied the motion for summary judgment dismissing the amended complaint but granted the Bank partial summary judgment to the extent of barring the plaintiff from asserting claims upon checks containing an alteration or unauthorized signature which it did not discover and report within one year after the statements reporting such check or checks were made available.

The Supreme Court correctly concluded that UCC 4-406 (4) mandates dismissal of those causes of action pertaining to altered checks which the plaintiff failed to discover and report within one year after receiving the bank statements reporting such checks. Dismissal is warranted "[w]ithout regard to care or lack of care of either the customer or the bank" (UCC 4-406 [4]). It is undisputed that the plaintiff failed to alert the Bank, after receiving regular accountings of any improprieties.

However, the Supreme Court failed to distinguish between

checks containing unauthorized signatures or alterations, to which a one year period applies, and those containing unauthorized endorsements, which must be reported by a customer within three years of receiving its bank statement. Nevertheless, the issue is moot since we find that the Bank was entitled to summary judgment dismissing the entire complaint.

UCC 3-405 (1) (c) places the risk of unauthorized endorsements on the drawer-employer rather than the bank *(Prudential-Bache Sec. v Citibank,* 73 NY2d 263; *Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank,* 57 NY2d 439). That section is ¯not limited to forged endorsements but "plainly covers situations * * * where 'an employee starts the wheels of normal business procedure in motion to produce a check for a non-authorized transaction.' " *(Prudential-Bache Sec. v Citibank, supra,* at 271, quoting *New Amsterdam Cas. Co. v First Pa. Banking & Trust Co.,* 451 F2d 892, 897.) The plaintiff was in a position to prevent the losses which it incurred, "by supervising its employees, enforcing its rules and examining records relating to a fraud that had been in progress for [five] years" *(supra,* at 271).

With regard to the claims sounding in commercial bad faith against the Bank, the plaintiff failed to establish facts inculpating officials of the Bank as actual participants in unlawful activity *(Retail Shoe Health Commn. v Manufacturers Hanover Trust Co.,* 160 AD2d 47; *Calisch Assocs. v Manufacturers Hanover Trust Co.,* 151 AD2d 446; *cf., Prudential-Bache Sec. v Citibank, supra).* Allegations of negligence are also insufficient to defeat the application of UCC 3-405 (1) (c) *(Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank, supra; Retail Shoe Health Commn. v Manufacturers Hanover Trust Co., supra).*

We have considered the parties' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.