■ BURNS & Beck, Respondent, v CITIBANK, N. A., Appellant. [640 NYS2d 90] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered January 26, 1995, which, *inter alia*, denied defendant's motion for partial summary judgment on those causes of action alleged in plaintiff's complaint that seek consequential damages without prejudice to renewal upon

the completion of all discovery, unanimously reversed to the extent herein appealed, on the law, without costs, and the motion for partial summary judgment granted.

In the case at bar, the only allegation made by plaintiff which defines the nature and extent of Citibank, N. A.'s purported wrongdoing is that Citibank did not act in a commercially reasonable fashion in negotiating the forged instruments. Such allegation, however, is insufficient to support a claim for consequential damages because a bank's failure to act in a commercially reasonable manner and to detect and report a check-forgery scheme does not amount to bad faith (*see, Prudential-Bache Sec. v Citibank,* 73 NY2d 263). To sustain a claim for consequential damages based on bad faith, a plaintiff must allege facts inculpating the principals of the bank as actual participants in unlawful activity (*Prudential-Bache Sec. v Citibank, supra,* at 276 [the mere fact that there were " 'suspicious circumstances which might well have induced a prudent banker to investigate' " does not constitute an allegation of bad faith]; *see also, Retail Shoe Health Commn. v Manufacturers Hanover Trust Co.,* 160 AD2d 47, 51 [no bad faith existed "(w)here allegations amount to a claim that a defendant bank was negligent in not being sufficiently vigilant" in detecting fraud]; *Calisch Assocs. v Manufacturers Hanover Trust Co.,* 151 AD2d 446). Further, it does not appear that waiting until discovery is complete in order to pinpoint when Citibank became aware of the forgeries would cure this defect. As plaintiff's claim for consequential damages is patently deficient, the IAS Court should have granted defendant's motion for partial summary judgment dismissing this portion of plaintiff's complaint.

Plaintiff's argument that it is entitled to recover consequential damages because its action lies in "common law" contract rather than in claims brought pursuant to the New York Uniform Commercial Code lacks merit. Assuming *arguendo* that a common law breach of contract cause of action was available to plaintiff, the granting of partial summary judgment to defendant would still be appropriate because, under pre-UCC common law, plaintiff's request for consequential damages would still be improper by virtue of its failure to allege bad faith by defendant. Concur—Wallach, J. P., Nardelli, Williams and Mazzarelli, JJ.