■ STRENG OLDSMOBILE, INC., Appellant, v FLEET BANK OF NEW YORK et al., Respondents. [667 NYS2d 160] —Order unanimously affirmed without costs. Memorandum: Plaintiff opened several accounts at Liberty Bank (Liberty) in 1979. Liberty was purchased by Norstar Bank, N. A., which was purchased in 1991 by Fleet Bank of New York (defendants). Between 1988 and 1992, plaintiff's office manager, Sanford Cohen, embezzled at least $235,000 in cash from plaintiff's repair receipts. To cover up his actions, Cohen utilized plaintiff's accounts at defendant banks. The complaint alleged, *inter alia,* that Cohen transferred funds among plaintiff's accounts without authorization; withdrew funds to purchase bank checks without authorization; altered the payees on several of plaintiff's checks, which defendants thereafter negotiated; and requested and received from defendants, without authorization, cashier's checks in place of plaintiff's checks payable to taxing authorities. Although in its complaint plaintiff sought to recover the full amount of its loss due to Cohen's defalcations, in its motion for summary judgment plaintiff for the most part sought direct damages stemming from the bank transactions themselves.

We conclude that Supreme Court properly denied plaintiff's motion for partial summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint. In the first and second causes of action, plaintiff alleged that Cohen brought to defendants two checks on plaintiff's account in defendant banks, signed by one of plaintiff's owners; one check was in the amount of $51,000, payable to New York State Withholding Tax, and one was in the amount of $10,175, payable to New York State Sales Tax. Plaintiff further alleged that, despite Cohen's lack of authority over the accounts, defendants issued cashier's checks payable to the same payees in exchange for plaintiff's checks. In the first cause of action, plaintiff alleged that defendants' actions violated UCC 3-201, 3-202, and 4-401, and in the second cause of action, plaintiff alleged that those actions constituted a breach of contract and sought damages in the amount of the unauthorized checks. However, as a general rule, a drawer may be precluded from recovering on an improperly paid check where the proceeds actually reached the intended payee (*Kosic v Marine Midland Bank,* 76 AD2d 89, 92, *affd* 55 NY2d 621; *cf., Tonelli v Chase Manhattan Bank,* 41 NY2d 667, 670-671). In support of their motion, defendants asserted that the funds reached the

intended payees, and plaintiff did not controvert that assertion. Defendants therefore met their initial burden on their cross motion with respect to the first and second causes of action, and plaintiff failed to raise an issue of fact whether it suffered any direct damages as a result of the allegedly improper transactions.

In the fourth cause of action, for breach of contract, plaintiff alleged that defendants allowed Cohen to withdraw funds from plaintiff's accounts to purchase official bank or cashier's checks payable to New York State Sales Tax or the Internal Revenue Service, despite Cohen's lack of authorization to do so. Plaintiff did not allege that it incurred any direct damages as a result of the issuance of those unauthorized checks, and thus plaintiff is not entitled to recover the amount of the checks, as sought in its motion (*see, Small v Bank of N. Y.,* 222 AD2d 667, 668).

The court properly granted that part of defendant's cross motion to dismiss the sixth and seventh causes of action. Plaintiff alleged therein that defendants received seven of plaintiff's checks on which the names of the payees had been altered but nonetheless negotiated them. Defendants established that those checks paid legitimate expenses of plaintiff and that plaintiff therefore incurred no damages by their payment. Plaintiff failed to raise an issue of fact whether it suffered direct damages (*see, Small v Bank of N. Y., supra,* at 668). In addition, plaintiff is precluded from recovering the value of the four altered checks issued in 1990 because it failed to discover and report the alterations on the items within one year of receiving the items and the statements reporting them (*see,* UCC 4-406 [4]).

The court also properly dismissed the eighth and 10th causes of action. In the eighth cause of action, plaintiff sought recovery of $425,000, the sum that Cohen embezzled. Plaintiff alleged that Cohen was able to cover up his retention of cash by engaging in transfers among plaintiff's accounts. Defendants met their burden with respect to that cause of action. They submitted evidence in admissible form establishing that, although Cohen had not signed a signature card for the accounts, one of plaintiff's owners, Henry Streng, brought Cohen into defendants' branch office when he was first hired and informed defendants that Cohen was the man to deal with and that all dealings or questions about the company should be directed to Cohen. Plaintiff failed to raise an issue of fact whether defendants' actions were anything other than reasonable under the circumstances. In the 10th cause of action, plaintiff alleged that defendants improperly permitted overdrafts in plaintiff's

accounts without proper approval. Plaintiff, however, cannot recover the embezzlement loss based simply on the allowance of overdrafts (*see,* UCC 4-401 [1]; *United States Trust Co. v Mc-Sweeney,* 91 AD2d 7, 9), particularly in view of the fact that defendants' officers and employees repeatedly called plaintiff's owners to report the overdrafts and were immediately referred to Cohen. In other words, the fox was guarding the chicken house.

Because defendants met their burden and plaintiff failed to raise an issue of fact whether defendants or their employees were actual participants in any of the allegedly improper transactions or in the embezzlement scheme, summary judgment was properly granted to defendants on the third, fifth, seventh, ninth and 11th causes of action, which sought consequential damages based on gross negligence and commercial bad faith (*see, Burns & Beck v Citibank,* 226 AD2d 142, 143; *Calisch Assocs. v Manufacturers Hanover Trust Co.,* 151 AD2d 446, 447-448; *cf., Prudential Bache Sec. v Citibank,* 73 NY2d 263, 273-277). A customer may assert a "bad faith" cause of action only "[w]here a depositary bank acts dishonestly—where it has actual knowledge of facts and circumstances that amount to bad faith, thus itself becoming a participant in a fraudulent scheme" (*Prudential Bache Sec. v Citibank, supra,* at 275). There are no such allegations in this record. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Balio and Fallon, JJ.