■ DIAMORE REALTY CORP. et al., Respondents, v DANIEL STERN et al., Defendants, and HSBC BANK USA, N.A., Appellant. [855 NYS2d 206]—

In an action, inter alia, to recover diverted funds, the defendant, HSBC Bank USA, N.A., appeals from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered January 31, 2007, as denied those branches of its motion which were for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant HSBC Bank USA, N.A., which were for summary judgment dismissing the plaintiffs' cause of action to recover damages for commercial bad faith, and the plaintiffs' claim alleging the breach of an implied contractual duty to insure that funds to be held in escrow were deposited into an appropriate fiduciary account, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The general rule is that a depositary bank has no duty to monitor funds held in trust by a fiduciary in an account maintained at its branches in order to safeguard them from misappropriation by the fiduciary (see Norwest Mtge. v Dime Sav. Bank of N.Y., 280 AD2d 653, 654 [2001]; Home Sav. of Am.

*v Amoros*, 233 AD2d 35, 39 [1997]; *Brown v Flushing Fed. Sav. & Loan Assn.*, 112 AD2d 185, 186 [1985]). Nevertheless, "[l]iability may be imposed if a depositary bank has actual knowledge or notice that a diversion will occur or is ongoing. Facts sufficient to cause a reasonably prudent person to suspect that trust funds are being misappropriated will trigger a duty of inquiry on the part of a depositary bank, and the bank's failure to conduct a reasonable inquiry when the obligation arises will result in the bank being charged with such knowledge as inquiry would have disclosed" (*Norwest Mtge. v Dime Sav. Bank of N.Y.*, 280 AD2d at 654; *see Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.]*, 64 NY2d 434, 438 [1985]; *Zaz-Huff, Inc. v Chase Manhattan Bank*, 277 AD2d 59, 61 [2000]; *Home Sav. of Am. v Amoros*, 233 AD2d at 39; *Brown v Flushing Fed. Sav. & Loan Assn.*, 112 AD2d at 186). In the event that a bank fails to discharge a duty of inquiry that has arisen from suspicious circumstances, it "may be liable for participation in the diversion, either by itself acquiring a benefit, or by notice or knowledge that a diversion is intended or being executed" (*Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.]*, 64 NY2d at 438).

The plaintiffs commenced this action against HSBC Bank USA, N.A. (hereinafter HSBC), among others, to recover diverted funds and damages in connection with an alleged conversion of funds entrusted by the plaintiffs to the defendants Daniel Stern, Susan Slovak-Stern, and the law firm Slovak & Stern, LLP. These funds, which represented a down payment on real property, were deposited by Stern into the operating account maintained by the law firm at HSBC. HSBC established its prima facie entitlement to summary judgment dismissing the plaintiffs' negligence cause of action through the affidavit of its representative affirming that it had no knowledge of Stern's intention to misappropriate the plaintiffs' funds. In opposition, the plaintiffs submitted evidence of the existence of a prior lawsuit against HSBC by two unrelated plaintiffs who claimed that Stern had misappropriated funds from them, in connection with real estate transactions, using HSBC accounts. This evidence presented a triable issue of fact as to whether HSBC's awareness of the allegations of the prior misappropriations triggered a duty of inquiry on the part of HSBC.

Inasmuch as HSBC failed to address, in its motion, the plaintiffs' cause of action to recover damages for conversion and their claim for money had and received, it failed to establish its prima facie entitlement to judgment as a matter of law with respect to those claims.

However, in support of its motion, HSBC established that it had no implied contractual duty to insure that funds to be held in escrow were deposited into an attorney trust account or interest on lawyer account (*see Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.],* 64 NY2d 434, 437 [1985]; *Bradford Trust Co. v Citibank,* 60 NY2d 868, 870 [1983]; *Clarke v Public Natl. Bank & Trust Co.,* 259 NY 285, 289 [1932]). In response, the plaintiffs failed to raise a triable issue of fact.

With respect to the plaintiffs' allegation of commercial bad faith, "a lapse of 'wary vigilance' " or a disregard of "suspicious circumstances which might well have induced a prudent banker to investigate" is insufficient to state a cause of action against a depositary bank (*Prudential-Bache Sec. v Citibank,* 73 NY2d 263, 276 [1989]; *see Retail Shoe Health Commn. v Manufacturers Hanover Trust Co.,* 160 AD2d 47, 51 [1990]). HSBC made a prima facie showing of its entitlement to judgment as a matter of law with respect to this cause of action through the affidavit of its representative, who affirmed that the bank was unaware of Stern's intention to misappropriate the plaintiffs' funds. The plaintiffs failed to present evidence of "out-and-out dishonesty" or "complicity by principals of the bank in alleged confederation with the wrongdoers" (*Prudential-Bache Sec. v Citibank,* 73 NY2d 263, 277 [1989]; *see Retail Shoe Health Commn. v Manufacturers Hanover Trust Co.,* 160 AD2d 47, 51 [1990]), and thus failed to raise a triable issue of fact. Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur.