■ TEMP REALTY CORP. et al., Respondents, v MAN TONG HE et al., Defendants, and CAPITAL ONE BANK, NA, Appellant. [57 NYS3d 157]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant Capital One Bank, NA, appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 10, 2016, as denied, without prejudice to renewal, that branch of its motion which was for summary judgment dismissing the cause of action al-

leging unspecified violations of the Uniform Commercial Code insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Capital One Bank, NA, which was for summary judgment dismissing the cause of action alleging unspecified violations of the Uniform Commercial Code insofar as asserted against it is granted.

The plaintiffs, prospective buyers of real property, commenced this action seeking specific performance of a contract for the sale of real property and other relief. As pertinent to this appeal, the plaintiffs asserted several causes of action against the defendant Capital One Bank, NA (hereinafter the Bank), where the sellers' counsel maintained a checking account. Among other things, the plaintiffs alleged that the Bank violated unspecified provisions of the Uniform Commercial Code by depositing a down payment check, payable to sellers' counsel "as Attorney," into counsel's checking account, which was not an attorney's account or other fiduciary account.

Prior to the completion of discovery, the Bank moved for summary judgment dismissing the complaint insofar as asserted against it. In support of the motion, the Bank submitted the complaint, an affidavit from one of its employees, and a copy of the down payment check. Although the Supreme Court granted the Bank's motion in part, the court denied, without prejudice to renewal, that branch of the Bank's motion which was for summary judgment dismissing the cause of action alleging unspecified violations of the Uniform Commercial Code insofar as asserted against it. The Bank appeals.

Uniform Commercial Code § 3-117 provides that "[a]n instrument made payable to a named person with the addition of words describing him (a) as agent or officer of a specified person is payable to his principal but the agent or officer may act as if he were the holder; (b) as any other fiduciary for a specified person or purpose is payable to the payee and may be negotiated, discharged or enforced by him; (c) in any other manner is payable to the payee unconditionally and the additional words are without effect on subsequent parties." "[T]here is no requirement that a check payable to a fiduciary be deposited to a fiduciary account, and the fact that the instrument was not so deposited may not, without more, be relied upon as establishing a wrongful payment on the part of the depositary bank" (*Bradford Trust Co. v Citibank*, 60 NY2d 868, 870 [1983]; *see Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.]*, 64 NY2d 434, 437 [1985]; UCC 3-117, Comment 3; *cf. Diamore Realty Corp. v Stern*, 50 AD3d 621, 623 [2008]).

Here, the Bank established, prima facie, that it did nothing improper by depositing the down payment check pursuant to the direction of the sellers' counsel, which was the named payee (*see Bradford Trust Co. v Citibank*, 60 NY2d at 870; UCC 3-117, Comment 3). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are either without merit or not properly before this Court.

The Bank's remaining contentions need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted that branch of the Bank's motion which was for summary judgment dismissing the cause of action alleging unspecified violations of the Uniform Commercial Code insofar as asserted against it. Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.